The defendant was convicted and appealed.
The only assignment of error relates to the charge of the court. It is contended that the court failed to instruct the jury that in order to convict they must find beyond a reasonable doubt that the abandonment was willful, as held to be essential in S. v. Smith, 164 N.C. 477. We do not think the charge of the judge is justly amendable to such criticism.
In one part of the charge, in referring to the constituent elements of the crime of abandonment he omitted to use the word "willful." In other parts of the charge the judge was careful to explain that the abandonment to be criminal must be willful — that is, unnecessary and without just cause or legal excuse. Near the conclusion of the charge he instructed the jury in these words:
"But if you find that he willfully abandoned her and failed to provide adequate support for her, he would be guilty; but you must find these things beyond a reasonable doubt. If a reasonable doubt remains in your mind, you will return a verdict of not guilty; but you must find these things beyond a reasonable doubt. If a reasonable doubt remains in your mind, you will return a verdict of not guilty."
Taking the charge as a whole, it is manifest that the jury must have understood that before they could convict they must find that the abandonment was willful as well as without providing adequate support.
No error.
Cited: S. v. Falkner, 182 N.C. 795, 798; S. v. Faulkner, 185 N.C. 636;S. v. Cook 207 N.C. 262; S. v. Hinson, 209 N.C. 191; S. v. Coal Co.,210 N.C. 754.
 *Page 1