### A. H. FRASER v. THE STATE.

#### No. 8171. Decided June 25, 1924.

**1.—Desertion—Information.**

Where, upon trial of wife and child desertion, the information charged a wilful desertion without justification, but as worded and punctuated it did not charge neglect and failure to support wilfully and without justification, the same was bad on motion to quash.

**2.—Same—Information—Names of Children.**

Where the motion to quash was based upon the further proposition that the names of the children whom appellant was charged with deserting were nowhere stated in the information, the motion to· quash should have been sustained. Following: Irvine v. State, 73 Texas Crim. Rep., 615.

**3.—Same—Charge of Court.**

Where the charge of the court authorized a conviction for the desertion of wife and children and also for neglect or refusal to provide for their maintenance and support, and a correct requested charge was refused, the same is reversible error.

Appeal from the County Court of Mitchell.   Tried below before the Honorable J. C. Hall.

Appeal from a conviction of wife and child desertion; penalty, a ·fine of $25.

The opinion states the case.

*Thos. J. Coffee,* for appellant.—Cited: Ex Parte Strong, 252 S. W. Rep., 767; Windham v. State, 192 id., 248; Mercado v. State, 218 id., 490.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, Judge.—Conviction is for a desertion, the punishment a fine of $25.

After omitting the formal parts the information charges that appellant "did unlawfully and wilfully and without justification, desert his wife, Mrs. Frankie Fraser, and his three children and leave them; that he has neglected them and has failed and refused to support said wife and children; that he has failed to provide maintenance for his said wife and children; that the children are under the age of 16 years;   that the said Mrs. Frankie Fraser and children were left in destitute and necessitous circumstances."

The information charges a "wilfull desertion without justification," and as worded and puntuated it does not charge neglect and failure to support "wilfully and without justification."   The information was attacked upon this ground and we think the court was in error in failing to sustain the motion to quash in so far as it attempted to charge an offense for neglect and failure to support.   The term "wilfully or without justification," as used in Article 640a, Penal Code, apply as well to the provisions of said article declaring one guilty thereunder who "neglects or refuses to provide for the support and maintenance" of his wife or children as to the one denouncing desertion of them. The motion to quash was based upon the further proposition that the names of the children whom appellant was charged with

deserting were nowhere stated. This criticism is also well taken. See Irving v. State, 73 Texas Crim. Rep., 615, 166 S. W., 1166. Notwithstanding the defects in the information the charge authorized a conviction for the desertion of the wife "and children," and also for neglect or refusal to provide for their maintenance and support. The charge was properly excepted to and a special charge designed to correct the error was requested and refused.

Our able State's Attorney has confessed error relative to the matters discussed. As we concur in his views, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*