FRASER v. STATE. (No. 8171.)

(Court of Criminal Appeals of Texas. June 25, 1924.)

1. **Husband and wife** ⟨⊚⟩312—**Parent and child** ⟨⊚⟩17(5)—**Information charging willful desertion and failure to support held insufficient.**

Information charging unlawful and willful desertion of wife and children without justification, and neglect and failure to support, *held* insufficient and defective, under Vernon's Ann. Pen. Code 1916, art. 640a, for failure to allege that such neglect and failure to support was also willful and without justification.

2. **Parent and child** ⟨⊚⟩17(5)—**Failure of information to name children alleged to have been deserted by defendant held fatal error.**

Information charging defendant with desertion and failure to support wife and children *held* fatally defective for failure to name children alleged to have been deserted.

Appeal from Colorado County Court; J. C. Hall, Judge.

A. H. Fraser was convicted of wife desertion, and he appeals. Reversed, and cause remanded.

Thos. J. Coffee, of Colorado, Tex., for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for a desertion, the punishment a fine of $25.

[1] After omitting the formal parts the information charges that appellant—

"did unlawfully and willfully, and without justification, desert his wife, Mrs. Frankie Fraser, and his three children and leave them; that he has neglected them and has failed and refused to support said wife and children; that he has failed to provide maintenance for his said wife and children; that the children are under the age of 16 years; that the said Mrs. Frankie Fraser and children were left in destitute and necessitous circumstances."

[2] The information charges a "willful desertion without justification," but as worded and punctuated it does not charge neglect and failure to support "willfully and without justification." The information was attacked upon this ground, and we think the court was in error in failing to sustain the motion to quash in so far as it attempted to charge an offense for neglect and failure to support. The terms "willfully or without justification," as used in article 640a, Penal Code, apply as well to the provisions of said article declaring one guilty thereunder who "neglects or refuses to provide for the support and maintenance" of his wife or children as to the one denouncing desertion of them. The motion to quash was based upon the further proposition that the names of the children whom appellant was charged with deserting were nowhere stated. This criticism is also well taken. See Irving v. State, 73 Tex. Cr. R. 615, 166 S. W. 1166. Notwithstanding the defects in the information, the charge authorized a conviction for the desertion of the wife "and children," and also for neglect or refusal to provide for their maintenance and support. The charge was properly excepted to, and a special charge designed to correct the error was requested and refused.

Our able state's attorney has confessed error relative to the matters discussed. As we concur in his views, the judgment must be reversed, and the cause remanded.