STATE v. L. W. YELVERTON.

(Filed 26 September, 1928.)

**1. Husband and Wife—Abandonment—Elements of Crime—Instructions.**
Where there is sufficient evidence that the husband, indicted under C. S., 4447, had by his cruel conduct caused his wife to leave his home with the minor children of the marriage, a charge to the jury that leaves out wilfulness as an element of the offense is reversible error to the defendant's prejudice.

APPEAL by defendant from *Grady, J.,* at June Term, 1928, of GREENE.

Criminal prosecution tried upon a warrant charging the defendant with abandonment and nonsupport of his wife and children in violation of the provisions of C. S., 4447.

The defendant and his wife have been married twenty-five years. They have four minor children, the youngest 12 and the oldest 20 years of age. It is the contention of the State that the prosecutrix and her children were forced to leave the defendant's home because of cruel and barbarous treatment, while the defendant contends that his wife and children left of their own volition and without just cause.

The prosecutrix testified on cross-examination as follows: "I concluded that my children and I could get along better without him, and we left him. He told us he had house rented for us, but I told him I could not stay and would not do it. . . . I didn't want any other house; I only craved peace."

It is also contended that the defendant has failed to support his wife and children in an adequate manner since their separation in January,

1928, but it is the position of the defendant that he is not required to furnish a home other than the one in which he lives or to support them elsewhere.

On the substance of the two offenses, the court charged the jury as follows:

1. "If the husband, by his acts and conduct at home, renders the life of his wife miserable and intolerable to such an extent that she cannot live with him peaceably, or without danger to her life or person, and she leaves him for that reason, and no other, and he thereafter fails to maintain and support her, he is just as guilty of abandonment as if he had left her himself."

2. "The second charge is a failure to support the children—his children. On that count in the bill, gentlemen of the jury, I charge you that upon his own evidence he is guilty. He admits on the witness stand that he has not contributed anything at all to the support of his three children, three minor children, since January, 1928, except ten dollars. He cannot refuse to support his children because his wife left him, that is, without just cause, because even if the wife were to blame, and she leaves him and takes with her the children, that does not relieve him of the obligation to maintain and support the children, and he admits he has not done it, and if you believe him, gentlemen, you should return a verdict of guilty of abandoning his children."

The defendant excepts to these instructions and assigns them as errors.

From an adverse verdict, and judgment pronounced thereon, the defendant appeals.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. F. Thomson and J. Paul Frizzelle for defendant.*

STACY, C. J., after stating the case: It will be observed that the vital element of wilfulness, necessary to constitute an abandonment under the statute, is omitted from both instructions assigned as errors. The language of the statute is as follows: "If any husband shall wilfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor." C. S., 4447.

Speaking to a similar situation and interpreting the statute in *S. v. Johnson,* 194 N. C., 378, 139 S. E., 697, it was said: "An offending husband may be convicted of abandonment and nonsupport when—and only when—two things are established: First, a wilful abandonment of the wife; and, second, a failure to provide 'adequate support for such

wife, and the children which he may have begotten upon her.' S. v. Toney, 162 N. C., 635; S. v. Hopkins, 130 N. C., 647. The abandonment must be wilful, that is, without just cause, excuse or justification. S. v. Smith, 164 N. C., 475. And both ingredients of the crime must be alleged and proved. S. v. May, 132 N. C., 1021."

It is conceded by the learned Assistant Attorney-General, Mr. Nash, that the instruction with respect to the alleged abandonment of the children is erroneous. S. v. Bell, 184 N. C., 701, 115 S. E., 190.

New trial.