STATE v. U. W. ROBERTS.

(Filed 6 November, 1929.)

**Husband and Wife A a—Wilfulness is essential of criminal abandonment.**

Where the defendant is indicted under C. S., 4447, for failure to provide adequate support for his minor children, and in the prosecution of the action the evidence tends to show that the defendant and his wife were living apart and that he had not provided any support for his minor children for some time, and that a judgment had been entered in a civil action

by the wife awarding all his personalty except his personal belongings, and that he had transferred his realty to his daughter for the support of the wife and minor children, there is no presumption of wilfulness from the failure to provide adequate support, C. S., 4448, and an instruction that leaves out this essential element of the crime will be held for reversible error.

CRIMINAL ACTION, before *Sinclair, J.,* at March Term, 1929, of ORANGE.

The defendant was indicted for failure to provide adequate support for his children under C. S., 4447. The evidence tended to show that the defendant and his wife were not living together and he had not provided any support for his minor children since 1 January, 1928.

The evidence further tended to show that Lizzie Belle Roberts, wife of defendant, instituted a civil action against him for the purpose of obtaining alimony without divorce and for an allowance out of the property-of the defendant for the support of the wife and the minor children of the marriage. Thereafter, at June Term, 1927, a consent judgment was signed, awarding all the personal property of defendant except his wearing apparel, farming tools, automobile, photographs of himself and members of his family, and half of the crop of 1926, to the wife. It is further recited in said judgment that the defendant, U. W. Roberts, had executed a deed to his daughter, conveying all of his real estate to said daughter for the benefit of his wife and children.

The defendant was convicted and sentenced to serve a term of twelve months on the roads.

From judgment pronounced defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Gattis & Gattis for defendant.*

BROGDEN, J. The trial judge charged the jury as follows: "If you find from all the evidence beyond a reasonable doubt that—under these circumstances I have given you—that he has not provided adequate support during that time, taking in consideration his circumstances in life and his means, you will return a verdict of guilty; if you are not so satisfied, or if you have a reasonable doubt about it, you will return a verdict of not guilty."

The defendant excepted to the charge as given upon the ground that it omitted the essential element of wilfulness. The exception is sustained. *S. v. Yelverton,* 196 N. C., 64, 144 S. E., 534.

The State relies upon the presumption of wilfulness arising from the application of C. S., 4448. However, C. S., 4448, was construed in *S. v.*

*Falkner,* 182 N. C., 793, 108 S. E., 756. The opinion declares: "In this connection it may be well to observe that the next section, C. S., 4448, dealing with what shall be deemed presumptive evidence of a wilful abandonment, requires the showing of something more than a mere separation and failure to provide adequate support."

New trial.