STATE v. J. B. COOK, JR.

(Filed 31 October, 1934.)

1. **Bastards B c—Wilfulness is essential element of offense of neglecting to support illegitimate child.**

    Wilfulness of defendant in his neglect or refusal to support his illegitimate child is an essential ingredient necessary for a conviction under ch. 228, Public Laws of 1933, and "wilful" as used in the statute means without just cause, excuse, or justification.

2. **Same—Wilfulness of defendant in failing to support illegitimate child is not presumed from such failure, but must be proven by State.**

    In a prosecution under ch. 228, Public Laws of 1933, the presumption of innocence attaching to a defendant in a criminal prosecution, includes the presumption that defendant's neglect to support his illegitimate child was not wilful, and while failure to support may be an evidential fact tending to show wilfulness, such failure does not raise the presumption of wilfulness, and the burden is on the State to prove the element of wilfulness or criminal intent beyond a reasonable doubt.

APPEAL from *Stack, J.,* at August Term, 1934, of CABARRUS. New trial.

The defendant was tried, convicted and sentenced upon a bill of indictment charging a violation of chapter 228, Public Laws 1933, being "An act concerning the support of children of parents not married"; and appealed to this Court, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*W. S. Bogle and Armfield, Sherrin & Barnhardt for appellant.*

SCHENCK, J. "Any parent who wilfully neglects or refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided. . . ." Sec. 1, ch. 228, Public Laws 1933.

The defendant duly assigned as error the following portion of his Honor's charge: "A man is presumed to intend to, if he has failed to

do so, the presumption is he wilfully did so," and we think this statement of the law was erroneous, and entitles the defendant to a new trial.

The entire paragraph of the charge, of which the foregoing is a part, is as follows: "The State is required to satisfy you beyond a reasonable doubt that he has failed to support his bastard child; wilfully failed. Wilfully means intentionally, purposely. A man is presumed to intend to, if he has failed to do so, the presumption is he wilfully did so."

The father of an illegitimate child may be convicted of neglecting to support such child only when it is established that such neglect was wilful, that is, without just cause, excuse or justification. The wilfulness of the neglect is an essential ingredient of the offense, and as such must not only be charged in the bill, but must be proven beyond a reasonable doubt. The presumption of innocence with which the defendant enters the trial includes the presumption of innocence of wilfullness in any failure on his part to support his illegitimate child. The failure to support may be an evidential fact tending to show a wilful neglect, but it does not raise a presumption of wilfulness.

The word "wilfully" as used in the statute under which the defendant was charged is used with the same import as in the act relating to wilful abandonment of wife by husband, C. S., 4447, and what is said in the case of *S. v. Falkner,* 182 N. C., 793, as to the effect of the use of the word "wilful" in a criminal statute is here applicable. In that case the present *Chief Justice* says: "Wilfulness is an essential element of the crime, and this must be found by the jury. The issue, upon an indictment for a violation of the present law, is the alleged guilt of the defendant. He enters on the trial with the common-law presumption of innocence in his favor. When the State has shown an abandonment and the defendant's failure to provide adequate support, the jury may infer from these facts, together with the attendant circumstances, and they would be warranted in finding, if they are so satisfied beyond a reasonable doubt, that it had been done intentionally, without just cause or legal excuse, *i.e.,* wilfully. *S. v. Taylor,* 175 N. C., 833." To the same effect are the more recent cases of *S. v. Johnson,* 194 N. C., 378; *S. v. Yelverton,* 196 N. C., 64; *S. v. Roberts,* 197 N. C., 662.

In an earlier case, *Mr. Justice Ashe,* in construing the word "wilful" in criminal statutes, says: "The word wilful, used in a statute creating a criminal offense, means something more than an intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it, without authority—careless whether he has the right or not—in violation of law, and it is this which makes the criminal intent, without which one cannot be brought within the meaning of a criminal statute." *S. v. Whitener,* 93 N. C., 590 (592).

WILSON v. MOTOR LINES.

Construing the word "wilful" in the light of the foregoing cases, it is clear that one cannot be brought within the meaning of the statute under which the defendant was charged without proving the criminal intent, and that it was error for the court to have charged the jury that if the defendant failed to support his illegitimate child "the presumption is he wilfully did so."

New trial.