STATE v. JASPER TYSON.

(Filed 22 May, 1935.)

1. **Bastards B c—Warrant under N. C. Code, 276 (a), must charge defendant with wilful failure to support illegitimate child.**

   The begetting of an illegitimate child is not of itself a crime, and a warrant charging defendant with being the father of an unborn, illegitimate child is insufficient to support a prosecution under N. C. Code, 276 (a), nor is such insufficiency cured by an amendment allowing the word "wilful" to be inserted therein, in the absence of an amendment alleging the birth of the child and defendant's refusal to support the child.

2. **Indictment F a—Where warrant is insufficient to charge any crime deficiency may not be cured by charge or verdict.**

   Defendant was prosecuted under a warrant charging him with being the father of an unborn, illegitimate child. The issue submitted to the jury and the charge of the court presented to the jury the question of defendant's wilful refusal to support his illegitimate child. *Held:* The failure of the warrant to charge defendant with wilful failure to support his illegitimate child was not cured by the charge or verdict, since the warrant fails to charge any criminal offense.

3. **Criminal Law J a—**

   Where the warrant upon which defendant was tried is insufficient to charge any crime, defendant's motion in arrest of judgment should be allowed, since the defect is one appearing on the face of the record.

APPEAL by defendant from *Alley, J.,* at January Term, 1935, of ANSON. Error.

This case came on to be heard by the Superior Court upon appeal from the Anson County criminal court upon the following affidavit and warrant, to wit:

State of North Carolina—Anson County.

WARRANT.

State v. Jasper Tyson.

Mary Robinson, Superintendent of Public Welfare, being duly sworn, complains and says that Sadie Bernice Richardson is a resident of Anson County, and that she is now pregnant, and that Jasper Tyson is the father of her illegitimate, unborn child, and she prays the court to issue a warrant of attachment for the body of the said Jasper Tyson that the paternity of her said unborn illegitimate child may be determined as provided in section 276 D, Laws of 1933, and that the said father may be held by the said court to provide support and maintenance

for the said child after its birth, as is provided by law, contrary to the form of the statute and against the peace and dignity of the State.

Sworn to and subscribed before me, this the 5th day of April, 1934.

MARY ROBINSON,
*Superintendent of Public Welfare.*

R. E. LITTLE,
*Clerk of the Superior Court.*

State of North Carolina,

To the Sheriff or any other lawful officer of Anson County—Greeting:

For the cause stated in affidavit hereto attached, you are hereby commanded forthwith to arrest Jasper Tyson and him safely keep, so that you have him before Anson County Criminal Court, at Wadesboro, N. C., forthwith to answer the above complaint, and be dealt with as the law directs.

Given under my hand and seal, this the 5th day of April, 1934.

R. E. LITTLE, *Clerk of the Superior Court for the County of Anson, State of North Carolina.*

The record discloses that at the close of the State's evidence the defendant moved for a judgment as of nonsuit, "stating that the chief ground in support of the motion is that the warrant failed to charge that the refusal to support the child was wilful," and that thereupon "the solicitor for the State requests the court for permission to amend the warrant and put in the word 'wilful,' and the court allows the amendment, . . ."

The court submitted the following issues to the jury, both of which were answered in the affirmative, to wit:

"1. Is the defendant the father of the bastard child of Sallie Bernice Richardson?

"2. Has the defendant wilfully failed and refused to support and maintain said child, as alleged?"

Upon the coming in of the verdict the defendant moved in arrest of judgment ". . . for that the warrant under which the defendant was indicted does not allege that the defendant wilfully neglects or refuses to support and maintain his illegitimate child. . . ." This motion in arrest of judgment was overruled, and the action of the court in so doing is made the basis of an exceptive assignment of error.

The court then proceeded to pronounce judgment of imprisonment for four months, but provided that the prison sentence was "not to go into effect" if it shall be made to appear that the defendant has paid into

court one hundred dollars, in certain installments, for the "use of the plaintiff and her bastard child." From this judgment the defendant appealed, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*B. M. Covington for defendant.*

SCHENCK, J. While the record discloses that at the close of the State's evidence, upon motion of the solicitor for permission to amend the warrant and put in the word "wilful," the court allowed the amendment, it nowhere appears in the record that the word "wilful" was ever actually inserted in the warrant.

An examination of the warrant as set forth in the record also reveals that the word "wilful" cannot be inserted anywhere therein and make the charge that the defendant wilfully neglected or refused to support and maintain his illegitimate child. In fact, the warrant was issued before the birth of the child, and was never amended so as to allege so much as the birth, much less the neglect and refusal to support.

Notwithstanding that the question of the defendant's wilful neglect and refusal to support and maintain his illegitimate child was presented both by the issue submitted to the jury and the charge of the court, the motion in arrest of judgment should have been allowed, since, even assuming that the word "wilful" be inserted in any place or places therein, the warrant does not charge the offense against which the statute inveighs, or any other criminal offense, as the begetting of an illegitimate child in itself is not a crime. Section 1, chapter 228, Public Laws 1933 (section 276-a, 1933 Supplement of N. C. Code of 1931, Michie), reads: "Any parent who wilfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided. . . ." So far as the record discloses, no attempt was made to make the warrant comply with the statute, except to have the court allow the motion to insert therein the word "wilful," with no further amendment comprehending and including the derelictions of the putative father after the birth of the illegitimate child.

The defect or omission appearing, as it does on the face of the record, may be taken advantage of by motion in arrest of judgment. *S. v. Lewis,* 194 N. C., 620, and cases there cited.

Error.