## STATE v. LeROY TARLTON.

(Filed 20 November, 1935.)

**1. Bastardy B c—Warrant failing to charge that failure to support illegitimate child was wilful is fatally defective.**

Wilfulness is an essential ingredient of the offense of failing to support an illegitimate child, N. C. Code, 276 (a), and where the warrant fails to charge that defendant's failure to support his illegitimate child was wilful, defendant's motion in arrest of judgment should be allowed.

**2. Indictment D a—**

Where a warrant or indictment is fatally defective in failing to charge an essential element of the offense, the defect cannot be cured by amendment after verdict upon defendant's motion in arrest of judgment.

**3. Indictment B a—**

Where a warrant or indictment fails to charge an essential element of the offense, the defect is fatal and is not cured by the provisions of C. S., 4623.

**4. Criminal Law J a—**

Where an indictment fails to charge an essential element of the offense, the defect may be taken advantage of by a motion in arrest of judgment.

APPEAL by defendant from *Sink, J.,* and a jury, at March Special Term, 1935, of MECKLENBURG. Error.

The warrant on which defendant was indicted is as follows:

"STATE OF NORTH CAROLINA,                    JUSTICE'S COURT,
COUNTY OF MECKLENBURG,                  Before W. B. WARWICK,
CHARLOTTE TOWNSHIP.                          *Justice of the Peace.*

The State
     v.
LeRoy Tarlton.                              CRIMINAL ACTION.

Avis King, being duly sworn, complains and says that at and in said county of Mecklenburg, Charlotte Township, on or about 16 January, 1934, a baby was born to her out of wedlock, and that the defendant above named is the father of said child, and that since the birth of said child the defendant has failed and refused to support or contribute to the support of said child and has failed and refused to pay any of the expenses in connection with the birth of said child all of which acts on the part of the defendant are unlawful and in violation of law and against the statutes in such cases made and provided and against the peace and dignity of the State, contrary to the form of the statute and against the peace and dignity of the State.

"Subscribed and sworn to before me, this 24 December, 1934.
"W. B. WARWICK,                              MISS AVIS KING.
          *Justice of the Peace.*"

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*J. D. McCall, L. L. Caudle, and A. A. Tarlton for defendant.*

CLARKSON, J.   The defendant is indicted under N. C. Code, 1935 (Michie), section 276 (a): "Any parent who wilfully neglects or who

refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided. A child within the meaning of sections 276 (a)-276 (i) shall be any person less than ten years of age and any person whom either parent might be required under the laws of North Carolina, to support and maintain if such child were the legitimate child of such parent." Public Laws 1933, ch. 228, sec. 1. "The act of 1933 was intended to cover the entire subject dealing with bastardy, and will work a repeal of all the former bastardy act." *State v. Morris, ante,* 44 (47).

The defendant was tried by the justice of the peace on the warrant above set forth, and also in the Superior Court, where the jury found the defendant guilty.

The defendant made the following exception and assignment of error: "The defendant then moved for an arrest of judgment on the ground that the bill of indictment does not charge that the abandonment was wilful, which motion was made after the verdict and motion to set the same aside had been made and denied by the court. The State moved to be allowed by the court to amend by inserting the words: 'That the defendant wilfully failed and refused to support or contribute to the support of said child and had wilfully refused to pay any of the expenses in connection with the birth of said child.' The motion of the solicitor is allowed, the amendment shall be inserted in the warrant; whereupon, the plea of defendant's counsel is denied, to which the defendant in apt time excepts." We think the exception and assignment of error made by defendant must be sustained. The statute under which defendant is charged says: "Any parent who wilfully neglects or who refuses to support and maintain," etc., his illegitimate child. It nowhere charges that this is wilfully done. This ingredient of the offense is material.

In *State v. Cook,* 207 N. C., 261 (262), it is said: "The father of an illegitimate child may be convicted of neglecting to support such child only when it is established that such neglect was wilful, that is, without just cause, excuse, or justification. The wilfulness of neglect is an essential ingredient of the offense, and as such must not only be charged in the bill but must be proven beyond a reasonable doubt."

N. C. Code, 1935 (Michie), section 4623, is as follows: "Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the court to proceed to judgment." By the many adjudications construing this section it has been definitely settled that the section neither supplies nor remedies the omission of any

distinct averment of any fact or circumstance which is an essential constituent of the offense charged.   *State v. Cole,* 202 N. C., 592, 598.

In referring to sec. 4623, *supra,* the learned Attorney-General and his assistants say: "C. S., 4623, provides that no judgment shall be stayed because of any informality or refinement.   It seems, however, that under *State v. Tyson, ante,* 231, a charge of wilful neglect or refusal to support an illegitimate child which does not allege wilfulness is not cured by the statute.   However, we leave this for the consideration of the Court." We think that the omission of such a material element of the offense is fatal; nor has the court below power or authority after verdict to allow the amendment to be made.

In *State v. Lewis,* 194 N. C., 620 (621), it is said: "The defect or omission appearing, as it does, on the face of the record, may be taken advantage of by motion in arrest of judgment.   *S. v. Jenkins,* 164 N. C., 527, 80 S. E., 231; *S. v. Baker,* 106 N. C., 758, 11 S. E., 360." *State v. Tyson, supra* (233).

For the reasons given, the motion in arrest of judgment should have been granted in the court below.   It is always wise to follow the words of a statute to avoid the trouble as presented in this case.   *State v. Leeper,* 146 N. C., 655.

For the reasons given, the judgment of the court below is arrested.

Error.