## STATE v. ALGER SPILLMAN.

(Filed 15 June, 1936.)

1. **Bastards B c—Statute making willful neglect to support illegitimate child a misdemeanor held not to violate due process of law.**

   N. C. Code, 276 (a), making the parent's willful neglect to support his illegitimate child a misdemeanor, does not violate due process of law or impose imprisonment but by the law of the land (14th Amendment to the Federal Constitution, Art. I, sec. 17, of the Constitution of North Carolina), since the statute raises no presumption against a person accused thereunder, the failure to support being evidence of willfulness, but raising no presumption thereof, but to the contrary, the statute requires the State to overcome the presumption of innocence both as to the willfulness of the neglect to support the illegitimate child and defendant's paternity of the child.

2. **Same—Paternity of child need not be judicially determined prior to prosecution of defendant for his willful neglect to support it.**

   It is not necessary to a prosecution for willful neglect to support an illegitimate child that defendant's paternity of the child should be first judicially determined, but the State must prove on the trial, first, defendant's paternity of the child, and then his willful neglect or refusal to support the child.

3. **Criminal Law I g—**

   A party must aptly tender written request for special instructions desired by him in order for an exception to the charge for its failure to contain such instructions to be considered on appeal. C. S., 565.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

STATE *v.* SPILLMAN.

APPEAL by the defendant from *Clement, J.,* at February Term, 1936, of FORSYTH. No error.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Brulon for the State.*
*Webster & Little and Ingle & Rucker for defendant, appellant.*

SCHENCK, J. The defendant was tried and convicted upon a bill of indictment charging a violation of section 1, chapter 228, Public Laws 1933, section 276 (a) of N. C. Code of 1935 (Michie), which reads: "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor, and subject to such penalties as are hereinafter provided."

The prosecuting witness testified that she and the defendant had intimate relations during the month of April, 1934, that she became pregnant in May, 1934, and that her child was born 3 January, 1935, and that the defendant was the father of her child; she further testified that the defendant had furnished nothing toward the support of the child, and that although she had charged the defendant with being the father of her child, she did not procure a warrant for him until December, 1935. The State offered other adminicular evidence. The defendant offered no evidence.

At the close of the evidence, the defendant moved for judgment of not guilty and dismissal, and the court's refusal to grant this motion gives rise to the only question presented on this appeal.

The defendant contends in his brief that the statute contravenes the "due process" clause of the 14th Amendment to the United States Constitution, and section 17, Article I, of the North Carolina Constitution, providing that no person shall be imprisoned but by the law of the land, and relies upon *S. v. Griffin,* 154 N. C., 611. The reasoning in that case is not applicable to the case at bar. There is no presumption prescribed by the statute under which the defendant was convicted. On the contrary, this Court specifically held in *S. v. Cook,* 207 N. C., 261, that "The father of an illegitimate child may be convicted of neglecting to support such child only when it is established that such neglect was willful, that is, without just cause, excuse, or justification. The willfulness of the neglect is an essential ingredient of the offense, and as such must not only be charged in the bill, but must be proved beyond a reasonable doubt. The presumption of innocence with which the defendant enters the trial includes the presumption of innocence of willfulness in any failure on his part to support his illegitimate child. The failure to support may be an evidential fact tending to show a willful neglect, but it does not raise a presumption of willfulness."

The defendant further contends in his brief that he could not be convicted of willfully refusing to support the child until it had been judicially determined that he was the father thereof, or until he had acknowledged the paternity thereof. This position is untenable. The statute makes it a crime for any parent to willfully neglect or refuse to support and maintain his illegitimate child. The first essential element of the offense, which the State is called upon to establish, is the defendant's paternity of the child, and then the willful neglect or refusal to support.

There is no exception to the charge except to the failure to charge the jury as set forth in an assignment of error. This assignment is untenable, since there was no written request for such an instruction. C. S., 565. The charge was in accord with the principle enunciated in *S. v. Cook, supra.*

On the record we find

No error.

STACY, C. J., dissenting: It is not perceived how one can be guilty of a *willful* neglect of duty until he first knows that duty belongs to him. *S. v. Cook,* 207 N. C., 261, 176 S. E., 757; *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756. In May, 1934, the prosecuting witness charged the defendant with being the father of her unborn child, which he denied. Thereafter no demand was ever made upon him for the support of said child, which was born 3 January, 1935. The mother testifies: "I haven't made any demand on the defendant. I haven't asked him for any support for my child." Moreover, there is nothing on the record to show whether the prosecuting witness is married or single, or whether her child is legitimate or illegitimate.

The verdict is not supported by the record.

CONNOR, J., concurs in dissent.