STATE v. MINSON McLAMB.

(Filed 19 October, 1938.)

**1. Criminal Law §§ 77b, 80—**

> While failure of the record to show the organization of the court or the jurisdiction thereof warrants dismissal of the appeal, where a serious question is presented the Supreme Court in its discretion may disallow the motion to dismiss.

**2. Bastards § 3: Criminal Law § 56—**

> The warrant in a prosecution under ch. 228, Public Laws of 1933 (Michie's Code, 276 [a]), must allege that the failure or refusal of defendant to support his illegitimate child was willful, and where it does not do so, defendant's motion in arrest of judgment should be allowed.

APPEAL by defendant from *Harris, J.,* at June Term, 1938, of JOHNSTON. Reversed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*J. R. Barefoot and L. L. Levinson for defendant.*

PER CURIAM. The Attorney-General lodged motion to dismiss the appeal under Rule 19 of this Court for reason that the record does not show the organization of the court below or the jurisdiction thereof. This motion may be well bottomed and warrant the dismissal of the appeal. However, where "a serious question is presented," this Court has "sometimes not dismissed." *S. v. May,* 118 N. C., 1204. A question serious at least to the defendant is here presented, namely, whether he must serve sentence of six months imprisonment. Under the circumstances divulged upon the imperfect record we feel constrained to disallow the motion.

It was evidently intended to charge the defendant with a violation of ch. 228, Public Laws 1933, being "An act to amend chapter six of the Consolidated Statutes of North Carolina on Bastardy," N. C. Code of 1935 (Michie), sections 276 (a), *et seq.* The affidavit upon which the warrant was predicated fails to allege or charge that the defendant willfully neglected or refused to support and maintain his illegitimate child, the language of the affidavit being "and has failed to support the same." The defendant moved in arrest of judgment, and we are constrained to hold that there was error in disallowing the motion. *S. v. Cook,* 207 N. C., 261; *S. v. Tarlton,* 208 N. C., 734. In fact, the Attorney-General on the argument confessed error in the event his motion to dismiss was disallowed.

The motion in arrest of judgment is allowed and the judgment below is Reversed.