## STATE v. EVERETTE CLARKE.

(Filed 19 November, 1941.)

**Bastards § 3—**

Willfulness is an essential element of the offense defined by ch. 228, Public Laws 1933, and a warrant failing to allege that defendant's failure or refusal to support his illegitimate child was willful fails to charge an offense under the statute and cannot support a conviction.

APPEAL by defendant from *Warlick, J.,* at June Term, 1941, of CATAWBA. Error and remanded.

The defendant was charged with violation of ch. 228, Public Laws 1933, as amended, relating to the support of illegitimate children. The warrant upon which defendant was tried charged "that Everette Clarke on or about the 22nd day of May, 1939, in Catawba County, Hickory Township, City of Hickory, did unlawfully and willfully beget upon the body of Mildred Cody a child, now four months of age, same being an illegitimate child, and has failed, neglected and refused to provide adequate support of said child, against the statute in such case made and provided, and against the peace and dignity of the State."

The verdict upon issues submitted was against the defendant, and from judgment imposing sentence predicated thereon defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*

*W. H. Strickland for defendant, appellant.*

DEVIN, J.  The statute under which the defendant was tried provides that, "Any parent who willfully neglects or who refuses to support and

maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided."

Willfulness is one of the essential elements of the offense. This must be charged in the warrant, *S. v. Cook,* 207 N. C., 261, 176 S. E., 757; *S. v. Spillman,* 210 N. C., 271, 186 S. E., 322. Its omission is not cured by C. S., 4623, *S. v. Tyson,* 208 N. C., 231, 180 S. E., 85, or by amendment after verdict, *S. v. Tarlton,* 208 N. C., 734, 182 S. E., 481; *S. v. McLamb,* 214 N. C., 322, 199 S. E., 81.

The record in this case is not sufficient to support the judgment.

As the warrant fails to charge an offense under the statute, questions relating to the interpretation of other provisions of the statute are not presented or decided.

Error and remanded.