STATE v. JAMES H. VANDERLIP.

(Filed 21 November, 1945.)

**Bastards § 3—**

Willfulness of the neglect or refusal to provide adequate means of support of an illegitimate child, G. S., 49-2, is one of the essential elements of the offense, and must be charged in the warrant; and a motion in arrest of judgment should be allowed on failure of the warrant to so charge.

APPEAL by defendant from *Dixon, Special Judge,* at Special March Term, 1945, of MECKLENBURG.

It was evidently intended to charge the defendant with the violation of G. S., 49-2 (ch. 228, Public Laws 1933, as amended), relating to the support of illegitimate children. The warrant upon which the defendant was tried charged that he "did willfully, maliciously, unlawfully and feloniously become the father of an illegitimate child by the name of James H. Forbes, who was born on the 11th day of August, 1943, and has failed and refused to provide adequate means of support for the said child." The verdict upon the issues submitted was against the defendant and judgment of imprisonment predicated thereon was pronounced, and defendant moved in arrest of judgment, which motion was denied and exception noted. The defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Henry L. Strickland for defendant.*

CANNON v. CANNON.

PER CURIAM.  The statute under which the defendant was tried provides that "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided." Willfulness of the neglect or refusal to provide adequate means of support of the illegitimate child is one of the essential elements of the offense, and must be charged in the warrant.  *S. v. Cook,* 207 N. C., 261, 176 S. E., 757; *S. v. McLamb,* 214 N. C., 322, 199 S. E., 81.

The motion in arrest of judgment should have been allowed, *S. v. McLamb, supra; S. v. Tarlton,* 208 N. C., 734, 182 S. E., 81; *S. v. Clarke,* 220 N. C., 392, 17 S. E. (2d), 468, and therefore the judgment below is
Reversed.