### STATE v. CLARENCE MORGAN.

(Filed 22 May, 1946.)

**1. Indictment § 9—**

No indictment, whether at common law or under a statute, can be good if it does not accurately and clearly allege all the constituent elements of the offense charged.

**2. Criminal Law § 12—**

A valid warrant or indictment is an essential of jurisdiction.

**3. Criminal Law § 56—**

Where no crime is charged in the warrant or bill of indictment upon which the defendant has been tried and convicted the judgment must be arrested.

**4. Bastards § 4—**

Under G. S., 49-2, the neglect or refusal to support an illegitimate child must be willful, and it must be so charged in the warrant or bill of indictment.

**5. Criminal Law §§ 22, 79, 83—**

Where defendant does not bring forward his exception to the denial of his motion in arrest of judgment, but it appears on the face of the record that the warrant is fatally defective in failing to charge any crime, the Supreme Court *ex mero motu* will arrest the judgment, and such action does not prejudice defendant since a void warrant will not support a plea of former jeopardy upon a subsequent trial.

APPEAL by defendant from *Alley, J.,* at December Term, 1945, of GUILFORD.

Criminal prosecution under warrant which purports to charge a violation of G. S., 49-2, relating to the support of illegitimate children, in the following language:

STATE v. MORGAN.

"Did unlawfully beget upon Juanita Cobb a bastard child said child being born, and he neglect and refuse to supply adequate support for said child in contrary to Chapter 228, Public Laws of 1933, contrary to the form of the statute and against the peace and dignity of the State."

There was a verdict of guilty. The defendant moved in arrest of judgment. The motion was denied. Judgment was pronounced and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*Wm. E. Comer for defendant, appellant.*

BARNHILL, J.   The defendant does not bring forward his exception to the denial of his motion in arrest of judgment. Even so it raises a jurisdictional question which compels our attention. *S. v. Clarke,* 220 N. C., 392, 17 S. E. (2d), 468.

It is a universal rule that no indictment, whether at common law or under a statute, can be good if it does not accurately and clearly allege all the constituent elements of the offense charged. *S. v. Johnson,* 188 N. C., 591, 125 S. E., 183.

A valid warrant or indictment is an essential of jurisdiction. *S. v. Beasley,* 208 N. C., 318, 180 S. E., 598; *S. v. Rawls,* 203 N. C., 436, 166 S. E., 332; *S. v. Banks,* 206 N. C., 479, 174 S. E., 806. Hence, where no crime is charged in the warrant or bill of indictment upon which the defendant has been tried and convicted the judgment must be arrested. *S. v. Johnson, ante,* 266; *S. v. Vanderlip,* 225 N. C., 610; *S. v. Clarke, supra; S. v. McLamb,* 214 N. C., 322, 199 S. E., 81; *S. v. Tarlton,* 208 N. C., 734, 182 S. E., 481; *S. v. Tyson,* 208 N. C., 231, 180 S. E., 85; *S. v. Cook,* 207 N. C., 261, 176 S. E., 757; *S. v. Lewis,* 194 N. C., 620, 140 S. E., 434; *S. v. Anderson,* 196 N. C., 771, 147 S. E., 305; *S. v. Brady,* 177 N. C., 587, 99 S. E., 7; *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281.

Under G. S., 49-2, the neglect or refusal to support an illegitimate child must be willful and it must be so charged in the warrant or bill of indictment. The omission of such allegation is fatal. *S. v. Vanderlip, supra; S. v. Hayden,* 224 N. C., 779; *S. v. McLamb, supra; S. v. Clarke, supra; S. v. Tarlton, supra; S. v. Tyson, supra; S. v. Cook, supra.*

When a fatal defect disclosing want of jurisdiction appears on the face of the record this Court, in the absence of a motion, will stay further proceedings *ex mero motu. S. v. Clarke, supra; Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445.

Such action does not prejudice the defendant, for a void warrant will not support a plea of former jeopardy upon a subsequent trial. *S. v.*

*Ellis,* 200 N. C., 77, 156 S. E., 157; *S. v. Bell,* 205 N. C., 225, 171 S. E., 50; *.S. v. Beasley, supra.*

The State did not exercise its right to amend. *S. v. Goff,* 205 N. C., 545, 172 S. E., 407; *S. v. Walker,* 179 N. C., 730, 102 S. E., 404; *S. v. Hunt,* 197 N. C., 707, 150 S. E., 353. The warrant as it appears in the record charges no criminal offense. Hence the court below was without power or authority to pronounce judgment.

Judgment arrested.