### STATE v. JOHN EDWARD McDAY.

(Filed 20 September, 1950.)

**1. Bastards § 1—**

A defendant's willful failure and refusal to support his illegitimate child means an intentional neglect or refusal.　G.S. 49-2.

**2. Bastards § 6½ —**

In a prosecution under G.S. 49-2 an instruction defining willfully as "wrongfully and unjustifiably, without valid and good excuse" instead of an intentional neglect or refusal, must be held for reversible error.

**3. Criminal Law § 81c (2)—**

Where an instruction is in error in defining an essential element of the crime charged, a new trial must be awarded regardless of speculation as to whether the instruction as given was favorable or harmful to defendant.

DEFENDANT'S appeal from *Pless, J.,* May 1950 Term of BUNCOMBE Superior Court.

*Attorney-General McMullan, Assistant Attorney-General Rhodes, and John R. Jordan, Jr., Member of Staff, for the State.*

*George F. Meadows and Oscar Stanton for defendant, appellant.*

SEAWELL, J.　The defendant was originally tried in the Domestic Relations Court of Buncombe County where it was found that he is the father of an illegitimate child born to complainant, and that he willfully and unlawfully refuses to support and maintain the child.　From the judgment in that court sentencing him to work on the roads for a period of six months, (suspended upon condition), the defendant appealed to the Superior Court, where upon a trial *de novo* and upon plea of not guilty he was found guilty as charged; was sentenced to a term of six months on the roads, suspended on payment of costs and the sum of $25.00 a month for the support and maintenance of his illegitimate child, plus the sum of $10.00 per month for a period of fifteen months as reimbursement for moneys expended at the time of the birth of the child and for support since that time.　Defendant appealed.

A careful examination of the exceptions taken upon the trial discloses no serious challenge to the result except in connection with the instruction which his Honor gave the jury in one particular:

After charging that defendant must first be found to be the father of the illegitimate child, he further instructed the jury: "In addition thereto the state must satisfy you beyond a reasonable doubt that he has willfully, that is, wrongfully and unjustifiably, without valid and good excuse, failed to support the child."

His Honor was correct in conceiving that willfulness is an essential element in a crime of this sort; G.S. 49-2; *S. v. Cook,* 207 N.C. 261, 76 S.E. 757; *S. v. Spillman,* 210 N.C. 271, 272, 186 S.E. 322; *S. v. Johnson,* 212 N.C. 566, 94 ·S.E. 319. But he has fallen into error in attempting to define the term. The definition of willfully as "wrongfully and unjustifiably, without valid and good excuse," is not in accord with the use of the term in common parlance or with the dictionary of the law. Willful is defined in Webster's Unabridged Dictionary as "(2) self-determined; voluntary; intentional; (3) governed by will without yielding to reason; obstinate, perverse; stubborn;" and in Black's Law Dictionary as: "Proceeding from a conscious motion of the will; intending the result which actually comes to pass; designed; intentional; malicious."

The term is used here in the same connotation as in the older abandonment statute, now G.S. 14-322, (see annotations, G.S. 14-322 and G.S. 49-2).

Perusing the cited cases we are of the opinion that the simpler definition of the term, that is, as the *intentional* neglect or refusal to support the illegitimate child, answers the purpose of the statute.

Where the court below is in error as to the definition of an essential element of a crime, and one which completely diverts the attention of the jury into a different field of inquiry, there is little propriety in speculating whether the instruction given is more harmful, or on the other hand, more favorable to the defendant than the one which ought to have been given, since justice is not a gamble. The defendant is at least entitled to be tried for the identical crime with which he is charged, and convicted or acquitted of it as the case may be.

For the error pointed out the defendant is entitled to a new trial. It is so ordered.

New trial.