## SEIDENBERG v. UNITED STATES.
### No. 1338.

Municipal Court of Appeals for the
District of Columbia.

Argued May 25, 1953.

Decided June 11, 1953.

Charles F. O'Neall, Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and C. Bel-

den White, II, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

This appeal from a conviction in the Juvenile Court presents numerous claims of error, but only one requires our consideration. The prosecution was instituted under the statute which provides that "any person who shall, without just excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her minor children under the age of sixteen years in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor, * * *."[1] The information charged that appellant "did neglect to provide for the support and maintenance," etc., and the claim is made that the information was fatally defective because it failed to charge that the neglect was wilful.

With commendable frankness Government counsel have confessed error, and we think they are correct in doing so. It is a general rule that if the term "wilful" or "wilfully" is a part of the statutory definition of a crime, the indictment or information must so charge.[2] There are authorities to the effect that if the facts alleged necessarily import wilfulness the failure to use the word wilful is not fatal,[3] but no such facts were here alleged.

Since the information failed to charge an offense under the statute, the conviction cannot stand.[4]

Reversed.

1. Code 1951, § 22–903.

2. United States v. Renken, D.C.W.D.S.C., 55 F.Supp. 1, affirmed sub nom. Old Monastery Co. v. United States, 4 Cir., 147 F.2d 905, certiorari denied 326 U. S. 734, 66 S.Ct. 44, 90 L.Ed. 437; Commonwealth v. Cooper, 264 Mass. 378, 162 N.E. 733; Johnson v. State, 101 Tex.Cr.

R. 217, 275 S.W. 714. See also Pullen v. United States, 5 Cir., 164 F.2d 756.

3. Rumely v. United States, 2 Cir., 293 F. 532, 547–548, certiorari denied, 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520.

4. State v. Morgan, 226 N.C. 414, 38 S.E. 2d 166; Fraser v. State, 97 Tex.Cr.R. 650, 263 S.W. 1055.