STATE v. WALTER MOORE.

(Filed 2 December, 1953.)

**Bastards § 4: Criminal Law § 56—**

Where an indictment under G.S. 49-2 fails to charge that defendant's failure to support his illegitimate child was willful, the indictment fails to charge an essential element of the offense and defendant's motion in arrest of judgment must be allowed.

APPEAL by defendant from *Burney, J.,* and a jury, at February Term, 1953, of NEW HANOVER.

Criminal prosecution upon a warrant which was supposed to charge the defendant with the willful nonsupport of his illegitimate child.

This criminal action originated in the Recorder's Court of New Hanover County, and was carried thence to the Superior Court of New Hanover County by the appeal of the defendant.

Trial was had *de novo* in the Superior Court upon the original warrant, which was based on a criminal complaint alleging that the defendant "has failed or refused and neglected to provide adequate support for . . . a bastard child" begotten by him upon the body of the prosecuting witness.

The only evidence at the trial was that of the State, which was ample to make out a case against the defendant under G.S. 49-2. The jury returned a verdict of guilty, and the defendant moved in arrest of judgment. The court denied the motion, and the defendant reserved an exception to the ruling. The court sentenced the defendant to imprisonment as a misdemeanant, and suspended the sentence on condition that the defendant pay a specific sum each month for the support of the child mentioned in the criminal complaint. The defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*McClelland & Burney for defendant, appellant.*

ERVIN, J. The Attorney-General correctly concedes that the court erred in denying the motion in arrest of judgment.

Under G.S. 49-2, the neglect or the refusal of a parent to support his illegitimate child is not a crime unless it is willful. As a consequence, the State must both allege and prove a willful nonsupport in a prosecution under the statute. *S. v. McDay,* 232 N.C. 388, 61 S.E. 2d 86; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333; *S. v. Allen,* 224 N.C. 530, 31 S.E. 2d 530. The criminal complaint underlying the warrant in the instant case does not charge the

defendant with the essential element of willfulness. This omission renders the warrant fatally defective, and necessitates an arrest of the judgment. *S. v. Morgan, supra; S. v. Vanderlip,* 225 N.C. 610, 35 S.E. 2d 885; *S. v. Moore,* 220 N.C. 535, 17 S.E. 2d 660; *S. v. Clarke,* 220 N.C. 392, 17 S.E. 2d 468; *S. v. McLamb,* 214 N.C. 322, 199 S.E. 81; *S. v. Tarlton,* 208 N.C. 734, 182 S.E. 481.

Judgment arrested.