STATE OF NORTH CAROLINA v. RONALD TYREE FRONEBERGER

No. 8126SC53

(Filed 18 August 1981)

**Kidnapping § 1— indictment—failure to allege lack of consent**

    Neither the slight misspelling of defendant's name nor the failure to allege the age of the victim made an indictment charging defendant with kidnapping defective; however, failure to allege the essential element of lack of consent constituted a fatal error.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 7 August 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 May 1981.

Defendant was indicted for the kidnapping of Ethell Wilson for the purpose of facilitating the felony of murder. He was found guilty as charged and sentenced to a term of imprisonment for not less nor more than 25 years.

The evidence for the State tends to show that early on the morning of 13 July 1979, Wilson and another man drove to James Pearson's house in Wilson's Cadillac. Wilson informed Pearson that he had to see his lawyer but would return to the house later. When Wilson returned, Charles Norwood was in the Cadillac with him and had a pistol pointed at his head. As Pearson attempted to enter his house to call the police, defendant, who had been standing in the yard when the Cadillac drove up, barred his way. Norwood then handcuffed Wilson, and defendant assisted him in removing Wilson from the car. Defendant then unlocked the trunk to the Cadillac at Norwood's direction. He and Norwood placed Wilson in the trunk and locked it. Norwood drove the Cadillac away, and defendant left soon thereafter. Defendant returned about thirty minutes later, handed Pearson $50 and indicated he

did not want to be in "that mess." On cross-examination Pearson indicated that Norwood and Wilson had been dealing in drugs and that Wilson owed Norwood money.

Sterling Keith Easter testified that he was present at Pearson's house on the date at issue. He observed defendant assist Norwood and another man, named Joe, in placing handcuffs on Wilson. He indicated that defendant did not help the two men place Wilson in the trunk. Sharon Lattimore was also present at Pearson's house. She testified that she saw defendant and several other men push a man into the trunk of the Cadillac and then sit on top of the trunk.

The parties stipulated that the body found in the trunk of a Cadillac in South Mecklenburg County on 21 August 1979 was the body of Wilson. The remaining testimony for the State involved certain items found in the trunk and the condition of Wilson's body. The body showed evidence of multiple gunshot wounds.

Larry Adams, testifying for defendant, indicated that defendant was in Pearson's yard on 13 July 1979, but that he was not involved in handcuffing Wilson or placing him in the trunk of the Cadillac. Adams indicated that after Wilson was placed in the trunk, Norwood and a companion drove for about 25 minutes until they reached a wooded area. Adams followed the Cadillac and saw Norwood shoot Wilson. On cross-examination he admitted that he did not see who handcuffed Wilson.

Defendant testified that he left Pearson's house when he saw Norwood pointing a gun at Wilson. He testified that Norwood owed him money and had requested that he follow him to Pearson's house so he could repay him.

From the sentence imposed, defendant has appealed.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., and Assistant Attorney General G. Criston Windham, for the State.*

*Public Defender Fritz Y. Mercer, by Assistant Public Defender Cherie Cox, for defendant appellant.*

MARTIN (Robert M.), Judge.

Defendant has preserved 11 of his 14 assignments of error on appeal. He first assigns error to the indictment against him. He alleges that the indictment is fatally defective since it neither alleges the element of lack of consent, the age of the victim nor the correct name of the defendant. Defendant's motion in arrest of judgment was made after the verdict was entered and appears to have been based solely upon the misspelling of defendant's name in the indictment. We note, however, that pursuant to G.S. 15A-1446(d)(4), failure of an indictment to state the essential elements of an alleged violation may be raised for the first time on appeal. The indictment in question reads:

> THE JURORS FOR THE STATE UPON THEIR OATH PRE-SENT that on or about the 13 day of July, 1979, in Mecklenburg County, Ronald Tyree Fronberger (sic), did unlawfully, wilfully and feloniously confine, restrain, and remove another person, Ethell Wilson, for the purpose of facilitating the commission of the felony of murder in teh (sic) first degree, adn (sic) said Ethell Wilson was killed as a result of said kidnapping, in violation of G.S. 14-39.

G.S. 14-39, in pertinent part provides:

> *Kidnapping.* — (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> . . ..
>
> (2) Facilitating the commission of any felony. . ..

We agree with the State that neither the slight misspelling of defendant's name nor the failure to allege the age of the victim makes the indictment defective. Our Supreme Court has recently held that the victim's age is not an essential element of kidnapping. It noted that age is merely a factor relating to the State's burden of proof in regard to consent. *State v. Hunter,* 299 N.C. 29, 261 S.E. 2d 189 (1980). We do, however, find that the failure to

allege the essential element of lack of consent constitutes a fatal error. The North Carolina Supreme Court in a 1974 decision quoting *State v. McBane*, 276 N.C. 60, 170 S.E. 2d 913 (1969), summarized the requirements of a proper indictment:

> " 'A valid warrant or indictment is an essential of jurisdiction.' *State v. Morgan*, 226 N.C. 414, 38 S.E. 2d 166; *State v. Thornton*, 251 N.C. 658, 660, 111 S.E. 2d 901, 902. The warrant or indictment must charge all the essential elements of the alleged criminal offense. *State v. Morgan*, *supra.* Nothing in G.S. 15-153 or in G.S. 15-155 [statutes dealing with certain informalities and defects that do not vitiate a warrant or indictment] dispenses with the requirement that the essential elements of the offense must be charged. *State v. Gibbs*, 234 N.C. 259, 261, 66 S.E. 2d 883, 885, and cases cited; *State v. Strickland*, 243 N.C. 100, 101, 89 S.E. 2d 781, 783."

*State v. King*, 285 N.C. 305, 308, 204 S.E. 2d 667, 669 (1974).

The State has emphasized in its brief that the indictment in the case *sub judice* should be upheld, since an indictment alleging that the defendant "unlawfully, wilfully, did feloniously and forcibly kidnap Susan Brogden" has been upheld by our Supreme Court. *See State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976). The State, though, has failed to note that the crime charged in Norwood occurred prior to the enactment of the 1975 amendment to the kidnapping statute. The kidnapping statute in effect at the time of the crime provided in pertinent part: "It shall be unlawful for any person . . . to kidnap . . . any human being . . .." Clearly the indictment at issue would have been sufficient under this statute. The amendment to this statute, however, defines the word "kidnapping" by specifying the essential elements of this crime.

We also disagree with the State's argument that the element of lack of consent is sufficiently included in the meaning of the words "confine" and "restrain" which are found in the indictment. This argument was refuted in *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). Justice Lake wrote:

> As used in G.S. 14-39, the term "confine" connotes some form of imprisonment within a given area, such as a room, a

house or a vehicle. The term "restrain," while broad enough to include a restriction upon freedom of movement by confinement, connotes also such a restriction, by force, threat or fraud, without a confinement. Thus, one who is physically seized and held, or whose hands or feet are bound, or who, by the threatened use of a deadly weapon, is restricted in his freedom of motion, is restrained within the meaning of this statute. Such restraint, however, is not kidnapping unless it is (1) unlawful (*i.e.*, without legal right), (2) without the consent of the person restrained (or of his parent or guardian if he be under 16 years of age), and (3) for one of the purposes specifically enumerated in the statute. One of those purposes is the facilitation of the commission of a felony.

294 N.C. at 523, 243 S.E. 2d at 351.

Becuase of the fatal defect appearing on the face of the indictment in the present case, the verdict and sentence of imprisonment must be vacated. The State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment. *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775 (1969). The present case demonstrates the need for careful drafting of pleadings in criminal actions. In *State v. Thorne,* 238 N.C. 392, 394, 78 S.E. 2d 140, 141 (1953), Justice Ervin emphasized, "[I]t is impossible to overmagnify the necessity of observing the rules of pleading in criminal cases."

We deem it unnecessary to discuss defendant's remaining assignments of error in view of our ruling herein.

Reversed.

Judges CLARK and HILL concur.