STATE and JANE JONES v. GUION PERRY, JR.

(Decided May 3, 1898).

*Bastardy   Proceedings—Criminal   Action—Statute of Limitations.*

Bastardy proceedings, although in their nature criminal, are not governed by the period of limitations prescribed in Section 1177 of *The Code* but are controlled entirely by Section 36 of *The Code* and may be brought at any time within three years next after the birth of the child.

PROCEEDING in bastardy heard before *Robinson, J.*, at September Term, 1897, of WAKE Superior Court. The facts appear in the opinion.   The warrant was quashed and the State appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State (appellant).

No counsel *contra.*

DOUGLAS, J.:   This is a proceeding in bastardy begun before a Justice of the Peace.   The Justice quashed the warrant "for that the misdemeanor therein charged was committed more than two years prior to the taking out of the warrant."   The State appealed, and in the Superior Court the proceedings were quashed "because it appears on the face of the warrant that the bastard child at the date of issuing the warrant was more than two years old and under three years of age."   The State appealed to this Court.   This brings before us the single question of the Statute of Limitations, which is in no way dependent upon the civil or criminal nature of the proceedings, but is controlled entirely by Section 36 of *The Code*   This Section reads as follows:   "All examinations upon oath to charge any man with being the

STATE *v*. PERRY (GUION).

father of a bastard .child shall be taken within three years next after the birth of the child." The meaning of this statute is plain upon its face, and we see no reason to question its constitutionality. It is urged that the Act of 1879, now Section 35 of *The Code*, imposing a fine upon the finding or admission of paternity, gave a criminal character to bastardy proceedings which brings the offence within the limitation of Section 1177. Admitting the premises, the conclusion does not necessarily follow. It is true that the Act of 1879 was subsequent to the Act of 1826, but both were prior to *The Code* in which they appear as Sections 35 and 1177, respectively. They must therefore be construed together along with Section 36 and, as the last named Section applies exclusively to bastardy proceedings, it must be taken as an exception to the general provisions of the general Section, where many other exceptions also appear. These exceptions show that the limitation of two years was not intended to apply absolutely to all misdemeanors, while one of them recognizes a principle not dissimilar to bastardy proceedings; to-wit: "Provided, that in case any of the said misdemeanors, hereby required to be prosecuted within two years, shall have been committed in a secret manner, the same may be prosecuted within two years after the discovery of the offender."

We are of opinion that bastardy proceedings may, under the authority of Section 36 of *The Code*, be begun at any time within three years next after the birth of the child. Therefore, there was error in the ruling of his Honor in quashing the proceedings.

Error.