LOUISA RICHARDSON v. CLARKE EGERTON.

(Filed 24 October, 1923.)

**1. Bastardy—Civil Actions.**

Proceedings in bastardy for an allowance to be made to the woman are civil and not criminal, for the enforcement of police regulations, and C. S., sec. 273, raising the jurisdiction of the justice of the peace to an amount not exceeding two hundred dollars, is not contrary to the provisions of our Constitution, Art. IV, sec. 27.

**2. Bastardy — Courts — Justices of the Peace — Jurisdiction — Appeal— Agreement—Questions of Law—Judgments.**

Where, on appeal from an award made to the woman in bastardy proceedings, the counsel for both parties have waived a jury trial and agreed that the Superior Court judge should pass upon the questions of law involved, it is error for the judge, under the terms of the agreement, to increase the allowance awarded by the justice of the peace to the woman, and upon his affirmance of the law applicable, the amount awarded by the justice is the amount of the judgment to be awarded in the Superior Court.

CIVIL ACTION, tried before *Cranmer, J.,* at February Term, 1923, of FRANKLIN.

Appeal by defendant.

This was a bastardy proceeding, commenced before a justice of the peace, and from a judgment of the justice of the peace, in favor of the plaintiff, in the sum of $125 and costs, the defendant appealed to the Superior Court.

A jury trial was waived, by consent, and the question of law was left to the decision of the court below. The court gave judgment in the sum of $200 in favor of the plaintiff. The defendant excepted to the judgment, and assigned as errors:

1. That the judgment is contrary to law and unconstitutional; that the action was in tort, and the justice of the peace did not have original and exclusive jurisdiction of an amount in excess of $50.

2. That the court erred in increasing the allowance to $200.

*William Y. Bickett and W. H. Yarborough for plaintiff.*
*William H. Ruffin and Thomas W. Ruffin for defendant.*

CLARKSON, J. The Constitution of North Carolina, Art. IV, sec. 27, is as follows: "The several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of civil actions founded on contract, wherein the sum demanded shall not exceed two hundred dollars, and wherein the title to real estate shall not be in controversy; and of all criminal matters arising within their counties

where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. And the General Assembly may give to justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed fifty dollars. When an issue of fact shall be joined before a justice, on demand of either party thereto, he shall cause a jury of six men to be summoned, who shall try the same. The party against whom the judgment shall be rendered in any civil action may appeal to the Superior Court from the same. In all cases of a criminal nature, the party against whom the judgment is given may appeal to the Superior Court, where the matter shall be heard anew. In all cases brought before a justice he shall make a record of the proceedings and file the same with the clerk of the Superior Court for his county.

"When the issue of paternity is found against the putative father, or when he admits the paternity, the judge or justice shall make allowance to the woman not exceeding the sum of two hundred dollars, to be paid in such installments as the judge or justice shall see fit, and he shall give bond to indemnify the county as prescribed by law; and in default of such payment he shall be committed to prison." C. S., ch. 6, sec. 273; Public Laws 1921, ch. 109.

The allowance to the woman was increased from not exceeding the sum of fifty dollars to not exceeding two hundred dollars by chapter 109, Public Laws 1921.

The question presented: Is the allowance of over fifty dollars and not exceeding two hundred dollars constitutional? We think it is.

This Court has decided that bastardy proceedings are civil and not criminal in their nature, and are intended merely for the enforcement of a police regulation. *S. v. Addington,* 143 N. C., 685; *S. v. Liles,* 134 N. C., 735; *S. v. Edwards,* 110 N. C., 511. In the *Liles case, supra,* the matter is fully discussed and authorities cited.

In *Duckworth v. Mull,* 143 N. C., 461, it was held that the clause in the Constitution which provided that "the General Assembly may give to justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed fifty dollars," and the statute giving jurisdiction to justices of the peace in like terms, operates to confer upon said justices concurrent jurisdiction with that of the Superior Court of all actions of tort wherein the amount demanded in good faith for plaintiff's injury did not exceed the sum of fifty dollars, the Court in that case construing the words, "property in controversy," as meaning the "value of the injury complained of and involved in the litigation." And the opinion further decides that where a plaintiff, in good faith, states or limits his demand in actions of that character at fifty dollars or less, the justice has such concurrent juris-

diction, citing with approval *Malloy v. Fayetteville,* 122 N. C., 480; *Watson v. Farmer,* 141 N. C., 452.   See, also, *Houser v. Bonsal,* 149 N. C., 51.

The first exception cannot be sustained, for the reasons given.

We think the second exception is well taken, that "The court erred in increasing the allowance to $200."   The defendant appealed to the Superior Court, where the matter shall be heard anew.   The usual technical language *de novo.*

When the cause came on for hearing, instead of being heard anew the record in the cause shows that the counsel for both plaintiff and defendant agreed that "the case was submitted to his Honor on questions of law and a jury trial waived."   We think the language of the agreement would indicate that the "questions of law" were submitted for the court's decision, and the judgment of the justice of the peace as to the allowance would be the judgment of the Superior Court.   The increase over $125 was evidently an inadvertence.

We think this is the better interpretation of the agreement.   The judgment of the court is reduced to $125 and costs, as rendered originally by the justice of the peace.

Modified and affirmed.