STATE v. SHERIDAN H. MANSFIELD.

(Filed 31 October, 1934.)

1. **Constitutional Law F e—**

A person cannot be tried twice for the same offense. N. C. Constitution, Art. I, sec. 17; Federal Constitution, Amendment 5.

2. **Criminal Law F d—**

Bastardy proceedings against defendant under C. S., 265, *et seq.* (repealed by sec. 9, ch. 228, Public Laws of 1933), being civil, will not support a plea of former jeopardy in a prosecution under ch. 228, Public Laws of 1933, for wilful failure to support his illegitimate child.

3. **Constitutional Law F f—Held: Offense was committed after effective date of statute, and plea of ex post facto cannot be sustained.**

A defendant may be prosecuted under ch. 228, Public Laws of 1933, for wilful failure to support his illegitimate child born after the passage of the act although the child was begotten before the effective date of the

statute, and defendant's contention that in regard to such prosecution the statute is *ex post facto* cannot be sustained, since the offense is the wilful failure to support the child, and the time it was begotten is immaterial. N. C. Constitution, Art. I, sec. 32.

APPEAL by defendant from *Daniels, J.,* and a jury, at March Term, 1934, of CARTERET. No error.

This is a criminal action, tried before Judge F. A. Daniels and a jury at the March Term, 1934, of the Superior Court of Carteret County, on appeal from the recorder's court of Carteret County.

On 25 October, 1933, Leah Willis took out a warrant for the defendant Sheridan H. Mansfield, charging that he unlawfully and wilfully neglected and refused to support his illegitimate child, begotten on the person of Leah Willis. The said child being about six weeks of age. The defendant Sheridan H. Mansfield, in the recorder's court, pleaded not guilty. He was convicted and sentenced and appealed to the Superior Court. He was convicted in the Superior Court.

The judgment in the Superior Court is as follows: "Defendant charged with abandonment, appealed from recorder's court to Superior Court, 7 November, 1933. Trial by jury, verdict guilty. Judgment, let the defendant be imprisoned in the county jail for a term of six months and assigned to work on the public highways and Public Works Commission. Judgment of imprisonment suspended on condition that the defendant pay to Dr. S. W. Thompson the sum of $45.00 for attending Leah Willis in her confinement and on condition that the defendant pay the cost of the action, and a further condition that he pay to Leah Willis, on the first of each month, beginning with the month of April, 1934, four dollars a week until the arrival of her infant at the age of ten years, and on further condition that the defendant remain of good behavior."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*A. B. Morris for defendant.*

CLARKSON, J. The defendant introduced no evidence, and at the close of the State's evidence made a motion for judgment of nonsuit. C. S., 4643. The court below overruled this motion, and in this we can see no error.

Public Laws of North Carolina, 1933, ch. 228, sec. 1, is as follows: "Any parent who wilfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided. A child, within

the meaning of this act, shall be any person less than ten years of age, and any person whom either parent might be required, under the laws of North Carolina, to support and maintain if such child were the legitimate child of such parent."

The following is section 7: "Upon the determination of the issues set out in the foregoing section, and for the purpose of enforcing the payment of the sum fixed, the court is hereby given discretion, having regard for the circumstances of the case and the financial ability and earning capacity of the defendant and his or her willingness to coöperate, to make an order or orders upon the defendant, and to modify such order or orders from time to time as the circumstances of the case may in the judgment of the court require. The order or orders made in this regard may include any or all of the following alternatives: (a) Commit the defendant to prison for a term not to exceed six months; (b) suspend sentence and continue the case from term to term; (c) release the defendant from custody on probation, conditioned upon the defendant's compliance with the terms of the probation and the payment of the sum fixed for the support and maintenance of the child; (d) apprentice the defendant to the superintendent of the county home, to be employed there at a salary to be fixed by the board of county commissioners, or to some other person who will give bond for compliance with this act, at a salary to be fixed by the board of county commissioners, the proceeds of his earnings to be paid to such person as the court may direct for the support, maintenance and education of the said child; and (e) order the defendant to pay to the mother of the said child the necessary expenses of birth of the child and suitable medical attention for her; (f) require the defendant to sign a recognizance, with good and sufficient security, for compliance with any order which the court may make in proceedings under this act."

The defendant excepted and assigned error as follows: "The court erred in denying defendant's motion to dismiss at beginning of trial on former jeopardy plea and nonapplication of the statute." This exception and assignment of error cannot be sustained.

It was in evidence on the part of the State that an action was brought by the mother before a justice of the peace, on 4 October, 1933, under chapter 6, Bastardy, C. S., 265, etc.

Section 9, chapter 228, of Public Laws of 1933, is as follows: "All acts or parts thereof inconsistent with the provisions of this act are hereby repealed. In particular, the following sections of Consolidated Statutes of North Carolina are hereby repealed: Sections 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 1632, subsection 1."

The judgment in the action before the justice of the peace, in part, was: "That the said defendant Sheridan H. Mansfield pay to the said

plaintiff Leah Willis the sum of $100 and the cost of this action," etc. It is a fundamental principle that a person cannot be tried twice for the same offense, and a plea of former acquittal or conviction is a good plea. *S. v. Clemmons, post,* 276. Const. of N. C., Art. I, sec. 17; Const. of U. S., Amendment V.

In *Richardson v. Egerton,* 186 N. C., 291 (292), is the following: "This Court has decided that bastardy proceedings are civil and not criminal in their nature, and are intended merely for the enforcement of a police regulation. *S. v. Addington,* 143 N. C., 685; *S. v. Liles,* 134 N. C., 735; *S. v. Edwards,* 110 N. C., 511. In the *Liles case, supra,* the matter is fully discussed and authorities cited."

The former bastardy proceedings have been repealed by the Laws of 1933, *supra.* The action was a civil one. We see no error in the charge of the court below.

Leah Willis testified as follows: "My name is Leah Willis; live at Morehead City. Am eighteen years old. Baby in my arms is mine, six months old. Sheridan H. Mansfield, the defendant, is the father of the child. Has contributed nothing to support. Has not paid me a penny; paid nothing towards the doctor's bill.

"Child born 5 September, 1933; have asked Mansfield several times to support her. Have never talked to him since the child was born. Made my demand through the court. Asked him before the child was born and he refused. Asked him February, 1933, before the child was born.

"Had case tried before the justice of the peace in a bastardy proceeding. Mansfield was ordered to pay me and declared the father of the child. He did not appeal from it and he has not paid me a cent."

The act under which defendant is indicted was ratified 6 April, 1933. The child was born 5 September, 1933, after the passage of the act.

The Constitution of North Carolina, Art. I, sec. 32, is as follows: "Retrospective laws, punishing acts committed before the existence of such laws, and by them only declared criminal, are oppressive, unjust and incompatible with liberty; wherefore no *ex post facto* law ought to be made. No law taxing, retrospectively, sales, purchases, or other acts previously done ought to be passed." It is well settled and the Constitution provides that no *ex post facto* law can be passed.

It is immaterial when the child was begotten. It was born after the passage of the act and the offense is the wilful neglect or refusal to support and maintain his or her illegitimate child. See *S. v. Cook, post,* 261; *S. v. Henderson, post,* 258.

On the record, we see no prejudicial or reversible error.

No error.