STATE v. JEROME MORRIS.

(Filed 20 March, 1935.)

**1. Criminal Law L g—**

The State may appeal from judgment for defendant upon a special verdict, upon a demurrer, upon a motion to quash, or upon arrest of judgment. N. C. Code, 4649.

**2. Bastards B c—Bastardy Act is repealed in toto by Act of 1933.**

The old bastardy act is repealed *in toto* by ch. 228, Public Laws of 1933, the provisions of sec. 2 that the Act of 1933 should not affect pending

litigation or accrued actions being repugnant to the specific repealing clause of sec. 9, and in a prosecution under the Act of 1933 a demurrer on the grounds that proceedings under the old bastardy act were then pending should be overruled.  C. S., 265, *et seq.*

**3. Same—**

In a prosecution under ch. 228, Public Laws of 1933, it is immaterial when the illegitimate child was begotten, the offense under the act being the wilful neglect or refusal to support and maintain an illegitimate child born after the ratification of the act.

APPEAL by the State from *Barnhill, J.,* at October Term, 1934, of LEE.  Reversed.

The judgment of the court below is as follows: "This criminal action coming on to be heard before the undersigned at this the October Term, 1934, of Lee Superior Court, upon the motion filed by the defendant, as will appear of record, and upon the hearing of the same it is agreed between the State and the defendant that the following are the pertinent facts herein, to wit: That on 14 February, 1933, Mabel Hooker, then being pregnant with child, instituted proceedings under the old bastardy statute as it existed prior to the Act of 1933; that upon the hearing in said action it was adjudged that the defendant was the putative father of said child, and judgment was entered accordingly, for $150.00 for maintenance of said child; that the defendant appealed from said judgment to the Superior Court; that said child was born on 17 May, 1933; that on 29 September, 1934, the said Mabel Hooker procured the issuance of a warrant under the terms of chapter 228, Public Laws of 1933, against the defendant, charging him with the crime of having wilfully neglected, failed, and refused to support his bastard child, as set out in said warrant, this cause being the cause as instituted by said warrant; that on 12 October, 1934, the defendant attempted to withdraw his appeal from the original judgment in the bastardy proceedings, same having been undertaken before the clerk, and not the judge presiding; that the defendant has never complied with the original judgment in the bastardy proceedings, but is now in jail under order issued by the magistrate after the defendant attempted to withdraw his said appeal. Upon the foregoing agreed facts, the court is of the opinion that the proviso in section 2 of chapter 228, Public Laws of 1933, 'that the provisions of this act shall not apply to pending litigation or accrued actions,' exempts this defendant from prosecution under the Act of 1933; it is therefore ordered and adjudged that this action be and the same is dismissed from the docket.   M. V. Barnhill, Judge presiding."

To the foregoing judgment of dismissal, the State excepts and appeals to the Supreme Court.   The only exception and assignment of error on

the part of the State is as follows: "His Honor erred when he rendered judgment as appears of record, sustaining one of defendant's grounds of demurrer in his plea in abatement, and in ordering and adjudging that this action be dismissed from the docket."

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*E. L. Gavin for defendant.*

CLARKSON, J.   The State is limited to appeals under N. C. Code 1931 (Michie), sec. 4649, as follows: "An appeal to the Supreme Court may be taken by the State in the following cases, and no other.   Where judgment has been given for the defendant—(1) Upon a special verdict. (2) Upon a demurrer.   (3) Upon a motion to quash.   (4) Upon arrest of judgment."

Public Laws of North Carolina, Session 1933, ch. 228, sec. 1, is as follows: "Any parent who wilfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided.   A child within the meaning of this act shall be any person less than ten years of age and any person whom either parent might be required under the laws of North Carolina to support and maintain if such child were the legitimate child of such parent."   *S. v. Cook,* 207 N. C., 261.

Section 2 is as follows: "The provisions of this act shall apply whether such child shall have been begotten or shall have been born within or without the State of North Carolina: *Provided,* that the child to be supported is a *bona fide* resident of this State at the time of the institution of any proceedings under this act: *Provided,* the provisions of this act shall not apply to pending litigation or accrued actions."

Section 9 is as follows: "All acts or parts thereof inconsistent with the provisions of this act are hereby repealed.   In particular, the following sections of the Consolidated Statutes of North Carolina are hereby repealed: Sections 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 1632, subsec. 1."

Section 265, *supra,* is as follows: "Justices of the peace of the several counties have exclusive original jurisdiction to issue, try, and determine all proceedings in cases of bastardy in their respective counties.   A warrant in bastardy shall be issued only upon the voluntary affidavit and complaint of the mother of the bastard; or upon the affidavit of one of the county commissioners, setting forth the fact that the bastard is likely to become a county charge."   This section 265, *supra,* and the other sections cover the entire field of the old bastardy act, which was a civil action.

The Act of 1933 was intended to cover the entire subject dealing with bastardy, and will work a repeal of all the former bastardy acts. *Lassiter v. Commissioners,* 188 N. C., 379 (383). In fact, the repealing clause of the new act clearly repeals the old act. Section 9 of the act says: "In particular" (section 265, *et seq., supra*) "are hereby repealed." By a repeal of these sections the very cornerstone of the old bastardy act is knocked out, and the new act becomes operative. We think the sections 2 and 9 are not reconcilable and the old bastardy act *in toto* is repealed. We think the questions presented by this appeal have been decided adversely to the position taken by the defendant in the case of *S. v. Mansfield,* 207 N. C., 233.

The Act of 1933, ch. 228, was ratified 6 April, 1933. The child was born 17 May, 1933, after the ratification of the act. In *S. v. Mansfield, supra,* at p. 236, we said: "It is immaterial when the child was begotten. It was born after the passage of the act, and the offense is the wilful neglect or refusal to support and maintain his or her illegitimate child."

The judgment of the court below is

Reversed.