STATE AND ROXIE ROYAL v. BILL PARKER.

(Filed 11 December, 1935.)

**1. Criminal Law L g—**

The State may appeal in criminal prosecutions from judgment for defendant upon a special verdict, upon a demurrer, upon a motion to quash. and upon arrest of judgment.   C. S., 4649.

**2. Bastards B c—**

A parent may be prosecuted under N. C. Code, 276 (a) for willful failure to support his illegitimate child begotten and born before the effective date of the statute, the offense being the willful failure to support an illegitimate child, and it being sufficient if such willful failure occur after the effective date of the statute.

**3. Indictment C a—**

The court may not adjudge the defendant not guilty upon sustaining defendant's demurrer to the indictment, the defendant being entitled only to his discharge upon judgment sustaining his demurrer.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the State and Roxie Royal from *Grady, J.,* at August Term, 1935, of SAMPSON.   Reversed.

This is a criminal action, brought against the defendant in the recorder's court of Sampson County, N. C.   It was a charge under N. C. Code, 1935 (Michie), sec. 276 (a)—"Any parent who willfully neglects or who refuses to support or maintain his or her illegitimate child shall be guilty of a misdemeanor," etc.

The above act was ratified on 6 April, 1933.   Public Laws 1933, ch. 228, sec. 12.   Roxie Royal gave birth to an illegitimate child on 8 February, 1933, prior to the ratification of the act on 6 April, 1933, and charged defendant with the paternity of the illegitimate child.

The record discloses: "Hon. R. L. Herring, judge of the recorder's court, tried said case on 25 April, 1935, and the defendant having demurred to said warrant, said recorder rendered judgment in favor of the defendant, sustaining said demurrer," etc.

The judgment of the recorder's court is as follows: "The defendant, through his counsel, having entered a demurrer to the said indictment, and the court being of the opinion that the criminal offense charged in said indictment cannot be maintained under the provisions of chapter 228 of the Public Laws of 1933, which was ratified on 6 April, 1933, the demurrer of the defendant is sustained, and the defendant is discharged. This 25 April, 1935.   Richard L. Herring, Recorder."

From the foregoing judgment the State and prosecutrix excepted, assigned error, and appealed to the Superior Court.

The case came on for hearing before Grady, J., who rendered the judgment, in part: "Upon the law as it is understood by the court, it is ordered and adjudged that the defendant is not guilty, and the judgment of the recorder is affirmed. This 15 August, 1935. Henry A. Grady, Judge presiding."

The State and Roxie Royal excepted, assigned error to the judgment, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*
*Butler & Butler for Roxie Royal.*
*Faircloth & Fisher and P. D. Herring for defendant.*

CLARKSON, J. N. C. Code, 1935 (Michie), section 4649, is as follows: "An appeal to the Supreme Court may be .taken by the State in the following cases, and no other. Where the judgment has been given for the defendant—(1) Upon a special verdict. (2) Upon a demurrer. (3) Upon a motion to quash. (4) Upon arrest of judgment."

In the recorder's court of Sampson County the defendant demurred to the charge set out in the warrant. The judge of the recorder's court sustained the demurrer. The State appealed to the Superior Court on the demurrer. The judgment of the recorder was affirmed and the defendant ordered and adjudged not guilty. The State then appealed to the Supreme Court. The illegitimate child was begotten and born before the passage of the act—6 April, 1933—but the charge by the State is that he willfully neglected and refused, after the passage of the act, to support his illegitimate child.

In *State v. Mansfield,* 207 N. C., 233 (236), speaking to the subject, it is said: "It is immaterial when the child was begotten. It was born after the passage of the act and the offense is the willful neglect or refusal to support and maintain his or her illegitimate child. See *S. v. Cook, post,* 261; *S. v. Henderson, post,* 258." *State v. Morris,* 208 N. C., 44.

The present charge is defendant's willful neglect or refusal to support his illegitimate child after the passage of the act—it is immaterial when the child was begotten or born. The court below "ordered and adjudged that the defendant is not guilty." This could not be done upon a demurrer.

For the reasons given, the judgment of the court below is
Reversed.

DEVIN, J., took no part in the consideration or decision of this case.