STATE v. TOMMIE BRADSHAW, ALIAS THOMAS BRADSHAW.

(Filed 15 June, 1938.)

Bastards § 7—Proceedings under ch. 228, Public Laws of 1933, must be instituted within three years next after birth of child.

A proceeding upon indictment charging defendant with willful neglect and refusal to support his illegitimate child, instituted more than three years after the birth of the child, is properly dismissed, ch. 228, Public Laws of 1933, sec. 3, and this result is not affected by the fact that defendant had admitted paternity of the child in a prior proceeding under C. S., 265-279, the limitation provided in sec. 3 of the Act of 1933 not being confined to proceedings to establish the paternity of the child.

APPEAL by State from *Williams, J.,* at February Term, 1938, of ALAMANCE.

Proceeding upon indictment charging the defendant with willful neglect and refusal to support illegitimate child begotten by him of Lola May Price.

The essential facts set out in the special verdict, from which the State appeals, follow:

1. The child in question was "born during the month of September, 1933."

2. On 21 August, 1933, a warrant was sworn out by Lola May, mother of the child, charging the defendant with the offense of bastardy under C. S., 265-279. In this case, the defendant admitted the charge and was ordered to pay the mother of the child the full sum of $200, which he did.

3. Thereafter, on 5 March, 1934, the county superintendent of public welfare swore out a warrant against the defendant charging him with the willful neglect and refusal to support his illegitimate child in violation of ch. 228, Public Laws 1933. The defendant's plea of former jeopardy was sustained in the trial court. Notice of appeal was entered, but the appeal was not perfected.

4. On 5 June, 1937, Lola May Price (then married), mother of the child, obtained a warrant in the present proceeding. A true bill was returned at the November Term, 1937, and special verdict rendered at the February Term, 1938, upon which the defendant was adjudged not guilty.

The State appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State, appellant.*

*J. Elmer Long and Clarence Ross for defendant, appellee.*

STACY, C. J. It was held in *S. v. Mansfield,* 207 N. C., 233, 176 S. E., 761, that a judgment under the prior bastardy statutes after their repeal by ch. 228, Public Laws 1933, and with which the defendant had failed to comply, would not defeat a proceeding under the latter act.

It was also held in *S. v. Johnson,* 212 N. C., 566, that the offense created by ch. 228, Public Laws of 1933, is a continuing one, and that a prior proceeding would not defeat a subsequent one for a later violation.

In the instant case, the plea is interposed that the proceeding is barred by section 3 of the act which provides: "Proceedings under this act may be instituted at any time within three years next after the birth of the child, and not thereafter."

It is not perceived wherein this section can be limited to proceedings to establish paternity as the State contends. Its language is clear, positive and unbending. It seems to have been taken from C. S., 274, of the old law, which was held to supersede the general statute of limitations on the subject. *S. v. Perry,* 122 N. C., 1043, 30 S. E., 139; *S. v. Hedgepeth, ibid.,* 1039, 30 S. E., 140.

Section one of the act in question provides that any parent who willfully neglects or refuses to support and maintain his or her illegitimate child "shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided." A child is defined as any person less than fourteen years of age, whom either parent might be required to support and maintain if such child were the legitimate child of such parent. Ch. 432, Public Laws 1937.

What are the penalties thereinafter provided? These are set out in section 7 of the act. *S. v. Mansfield, supra.*

It is provided in section 6 that the court shall first try the issues of paternity and willful neglect or refusal to support. If these be deter-

mined in the affirmative, "the court shall fix by order, subject to modification or increase from time to time, a specific sum of money necessary for the support and maintenance of the particular child," and "shall require the defendant to pay it either as a lump sum or in periodic payments as the circumstances of the case may appear to the court to require."

It is evidently contemplated by the statute that proceedings may be instituted at any time within three years next after the birth of the child, and not thereafter; that issues of paternity and nonsupport shall first be determined; that a specific sum shall then be fixed for maintenance, and that the case shall be left open for such modification or increase as the circumstances, thereafter appearing, may warrant.

It is further provided in section 7 that "for the purpose of enforcing payment of the sum fixed," the court may issue orders of a civil or criminal nature, or both, as specified therein, including imprisonment "for a term not to exceed six months," and modify the same from time to time as the circumstances of the case may require.

Whether the procedural provisions of the statute have been given due consideration in some of our former decisions, we need not now decide.

The proceeding was properly dismissed upon the special verdict.

No error.