STATE v. E. H. KILLIAN.

(Filed 27 March, 1940.)

Bastards § 7—Prosecution must be instituted within three years from acknowledgment of paternity made within three years from date of birth of child.

In a prosecution against the reputed father for failure to maintain and support his illegitimate child, proceedings to determine the paternity of the child must be instituted within three years from the date of its birth, with the proviso that where the reputed father acknowledges paternity by making payments for the support of such child, prosecution may be instituted at any time within three years from the date of such payments made within three years from the date of birth, section 3, chapter 217, Public Laws of 1939, so that the greatest length of time that may elapse between the birth of the child and a prosecution to establish the paternity, even under the proviso of the statute is six years, and a prosecution is properly dismissed upon a special verdict establishing that the reputed father continuously supported the child for eight years and that such prosecution was not instituted until more than nine years after its birth.

APPEAL by State from *Bobbitt, J.,* at November Term, 1939, of CATAWBA.

This is a proceeding upon a warrant charging defendant with the willful neglect and refusal to support his illegitimate child. The case was heard upon appeal by the defendant from the municipal court of the city of Hickory. A special verdict was rendered in which the essential facts found were as follows:

1. The child in question, Herman Hollander, was born 5 August, 1930.

2. The said Herman Hollander is the illegitimate child of the defendant E. H. Killian begotten by him upon the body of the prosecuting witness Mae Hollander.

3. The defendant paid the medical and other expenses of Mae Hollander incident to her confinement in connection with the birth of said child.

4. That upon the birth of said child and continuously thereafter until November, 1938, the defendant substantially and adequately provided for the support thereof.

5. Commencing in November, 1938, and continuously to the present time the defendant has willfully failed and refused to support and maintain said child.

6. That no prosecution or proceeding of any kind was instituted in any court until the issuance of the warrant herein on 30 September, 1939, relating either to the paternity of or the willful failure and refusal to support and maintain said child.

Upon the special verdict rendered the defendant was adjudged not guilty, and the State appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Hunter Martin for defendant.*

SCHENCK, J. Under the provision of sec. 1, ch. 228, Public Laws 1933, as amended by sec. 2, ch. 217, Public Laws 1939, "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child (fourteen years of age or under) shall be guilty of a misdemeanor. . . ."

Section 3 of chapter 217, Public Laws 1939, strikes out sec. 3, ch. 228, Public Laws 1933, and substitutes in lieu thereof the following: "Sec. 3. Proceedings under this act to establish the paternity of such child may be instituted at any time within three years next after the birth of the child, and not thereafter: Provided, however, that where the reputed father has acknowledged the paternity of the child by payments for the

STATE *v.* KILLIAN.

support of such child within three years from the date of the birth thereof, and not later, then, in such case, prosecution may be brought under the provisions of this act within three years from the date of such acknowledgment of the paternity of such child by the reputed father thereof."

Under section 3 of chapter 228, Public Laws 1933, it was held in *S. v. Bradshaw,* 214 N. C., 5, that a judgment of not guilty was properly entered upon a special verdict which found that a proceeding against a reputed father for the willful neglect and refusal to support and maintain his illegitimate child was instituted more than three years after the birth of the child. This section, however, was definitely changed by sec. 3 of ch. 217, Public Laws 1939, which limited the application thereof to proceedings "to establish the paternity of such child," and added the proviso thereto.

In the case at bar it was necessary for the State to bring the facts within the proviso of section 3, chapter 217, Public Laws 1939, above quoted, since more than three years elapsed between the birth of the child in 1930 and the issuance of the warrant in 1939. In order to bring the facts within such proviso it was necessary to establish first, that the defendant acknowledged the paternity of the child by payments for the support thereof within three years of the date of its birth, and not later, and second, that the proceeding was brought within three years from the date of such acknowledgment made within three years of the birth of such child. The special verdict establishes the first requisite fact, but fails to establish the second, since the proceeding was not instituted until 30 September, 1939.

It would seem that six years is the greatest length of time which may elapse between the birth of an illegitimate child and the institution of a valid proceeding against its reputed father to establish the paternity of the child. Such a proceeding could be maintained by establishing that the reputed father acknowledged the paternity by making payments for the support of such child just three years after its birth, and that the proceeding was instituted just three years after the date of such acknowledgment. In the case at bar more than nine years elapsed between the birth of the illegitimate child and the institution of the proceeding.

The proceeding was properly dismissed upon the special verdict rendered.

No error.