Upon appeal from a recorder's court of Cumberland County, the defendant was convicted at March Term, 1940, of Cumberland County Superior Court, upon a warrant charging that "on or about the 5th day of October, 1938, L. A. Hodges did unlawfully, willfully and failed and neglected to provide for his two illegitimate children, L. A. Hodges, Jr., age nine years, and Dorothy Mae Hodges, age six years, and has not provided for their support in any way since the above date against the form of the State in such cases made and provided and contrary to the law and against the peace and dignity of the State." No objection was made to the form or substance of the warrant.
The evidence was substantially as follows:
Cleo M. Young, an unmarried woman, testified that while she had never lived with the defendant, she had had two children, of which the defendant was the father. They are aged nine years and six years, respectively. Defendant, beginning with the time that the older child was born, supported the boy at birth and all the way through, and paid the doctor's bill and supported the boy until October, 1938. When the little girl was born, the defendant was serving a term in the penitentiary. When he got back he started to take care of this child, just like the boy. This little girl was about two years old when he started to support her. He clothed the two children, sending money every month, sometimes $10.00 and sometimes $20.00. He was also taking care of the mother. He discontinued support about 5 October, 1938.
The defendant acknowledged to the mother that he was the father of the children, and would come to see them every two or three months, or oftener, taking the mother and children down the street and buying clothes.
The evidence discloses the fact that the defendant had money and gave money to the mother of the children while he was serving his penitentiary term. *Page 626 
The evidence further discloses that the defendant, just prior to his incarceration, had taken the witness to Florida, after the boy had been born and while she was pregnant with the little girl. They lived together in the same apartment in Florida as man and wife.
At the conclusion of the State's evidence, the defendant moved for a directed verdict, which was denied, and defendant excepted.
Defendant announced that he would offer no evidence and renewed his motion for a directed verdict, which was denied, and defendant again excepted.
In his charge to the jury, the judge instructed them that defendant's counsel had, in the presence of the jury, entered an admission that the defendant was the father of the bastard children and, therefore, under the plea of not guilty, the one issue was submitted to the jury: "Has the defendant willfully refused to support the two illegitimate children born to Cleo Young?" The jury answered the issue "Yes" and, thereupon, judgment was rendered that the defendant pay to the clerk of the court on the 10th day of each month the sum of $30.00, to be used in support of the two children, and that at the June Term of the Superior Court the defendant should appear before the court and show the judge presiding at that time what might be his ability to pay, and it was suggested that this allowance be adjusted to the ability of the defendant to pay a larger or smaller sum, if necessary, according to his earning capacity.
From this judgment the defendant appealed, assigning as errors, (a) the refusal of the court to allow the motion for a directed verdict of not guilty at the close of the State's evidence; (b) the refusal of the court to allow the motion for a directed verdict of not guilty upon a renewal of the motion at the close of all of the evidence; (c) the refusal of the court to set aside the verdict and allow a new trial upon motion made upon a return of the verdict and prior to signing of judgment; and (d) the pronouncement of the judgment.
Chapter 217, Public Laws of 1939, section 3, amending the Bastardy Act, provides as follows: "Proceedings under this act to establish the paternity of such child may be instituted at any time within three years next after the birth of the child, and not thereafter: Provided, however, that where the reputed father has acknowledged the paternity of the child by payments for the support of such child within three years from the date of the birth thereof, and not later, then, in *Page 627 
such case, prosecution may be brought under the provisions of this act within three years from the date of such acknowledgment of the paternity of such child by the reputed father thereof."
Under this statute, as construed by the Court — S. v. Killian,ante, 339 — where acknowledgment has been made of the paternity of the child by payments for its support within three years from the date ofthe birth, prosecution for non-support may be brought within three years thereafter, but a later acknowledgment, made more than three years from the birth, will not avail to prevent the running of the statute. Comparing the dates in the record with those disclosed in the evidence, the prosecution was begun too late, and the judgment of the court below is
Reversed.