STATE v. BRANTLEY MOORE.

(Filed 2 December, 1942.)

1. **Bastards § 7—**

   A proceeding to establish the paternity of an illegitimate child and to prosecute the father, who willfully neglects or refuses to support and maintain the same, may be instituted at any time within three years next after the birth of the child. C. S., 276 (a) ; C. S., 276 (c).

2. **Evidence § 29—**

   The admission of evidence, in a bastardy proceeding, that defendant changed lawyers after trial of the cause in the recorder's court, is not error.

3. **Bastards § 3: Indictment § 11—**

   Indictment, in a bastardy proceeding, which states that the child was born on 13 August, 1941, whereas the evidence was that the birth occurred on 13 November, 1940, is not fatally defective. C. S., 4625.

APPEAL by defendant from *Thompson, J.,* at June Term, 1942, of COLUMBUS.

Criminal prosecution tried upon indictment charging defendant with willful failure and neglect to support his illegitimate child.

Separate issues on the paternity of the child and the willful and unlawful failure of the defendant to support and maintain said illegitimate child were submitted and answered against the defendant. From the judgment entered thereon, the defendant appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Clayton C. Holmes for defendant.*

DENNY, J. The first assignment of error is to the refusal of his Honor to dismiss the proceedings on the ground that the prosecution is barred by the statute of limitations. The statute under which the defendant has been convicted provides: "Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereafter provided." Public Laws of 1933, ch. 228, sec. 1; as amended by Public Laws of 1937, ch. 432, sec. 1; as amended by Public Laws of 1939, ch. 217, secs. 1 and 2; sec. 276 (a), N. C. Code of 1929 (Michie). There is a further provision contained in the Public Laws of 1933, ch. 228, sec. 3, as amended by Public Laws of 1939, ch. 217, sec. 3; sec. 276 (c), N. C. Code of 1939 (Michie), which contains the following

provision: "Proceedings under sections 276 (a)-276 (i) to establish the paternity of such child may be instituted at any time within three years next after the birth of the child, and not thereafter: Provided, however, that where the reputed father has acknowledged the paternity of the child by payments for the support of such child within three years from the date of the birth thereof, and not later, then, in such case, prosecution may be brought under the provisions of said sections within three years from the date of said acknowledgment of the paternity of such child by the reputed father thereof."

A proceedings to establish the paternity of an illegitimate child and to prosecute the father of such child, who willfully neglects or refuses to support and maintain the same, may be instituted at any time within three years next after the birth of the child. *S. v. Hodges,* 217 N. C., 625, 9 S. E. (2d), 24; *S. v. Killian,* 217 N. C., 339, 7 S. E. (2d), 702; *S. v. Bradshaw,* 214 N. C., 5, 197 S. E., 564; and *S. v. Spillman,* 210 N. C., 271, 186 S. E., 322.

The second assignment of error is to the admission of evidence showing defendant had changed lawyers after the trial in the recorder's court. We think this assignment of error without merit, but, were it otherwise, the record discloses that no objection was made nor exception taken to the testimony of the prosecuting witness concerning defendant's having changed lawyers since the trial in the recorder's court. Assignments of error must be based upon exceptions duly taken in apt time during the trial and preserved as required by the statute and the Rules of this Court. C. S., 643; Rule 19, sec. 3, and Rule 21 of the Rules of Practice in the Supreme Court, 221 N. C., 544, and *S. v. Bittings,* 206 N. C., 798, 175 S. E., 299.

The third assignment of error is based upon the refusal of his Honor to grant defendant's motion for judgment of nonsuit and his motion to quash the bill of indictment. The indictment sets forth the date of the begetting by the defendant of a bastard child upon the body of one Susie Smith, as 13 November, 1940, and further sets forth that said bastard child begotten by the defendant, Brantley Moore, was born on or about 13 August, 1941. The evidence of the prosecuting witness is to the effect that the defendant, Brantley Moore, had sexual intercourse with her in February, 1940, "that she had nothing to do with any other man," and that Brantley Moore is the father of her child which was born 13 November, 1940.

Was the bill of indictment fatally defective, in that the correct date of the birth of the child did not appear therein? The answer is "No."

Section 4625 of the Consolidated Statutes of North Carolina reads, in part, as follows: "No judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be

stayed or reversed for the want of the averment of any matter necessary to be proved, . . . nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened; . . ."

The dates in the bill of indictment, as well as the correct date of the birth of the illegitimate child involved, were within three years from the institution of the proceedings. The willful neglect or refusal to support, not the bastardy, is the crime. Therefore, the time of birth is not of the essence of the offense.

The fourth assignment of error is formal, and without merit.

In the judgment of the court below, we find

No error.