STATE v. JOEL DILL.

(Filed 1 March, 1944.)

1. **Bastards § 2—**

   The only prosecution contemplated by the bastardy statutes is that grounded on the willful neglect or refusal of any parent to support and maintain his or her illegitimate child, the mere begetting of the child not being denominated a crime. G. S., 49-2.

2. **Bastards § 4—**

   A prosecution of the father of an illegitimate child for the willful neglect and refusal to support such child must be instituted within three years next after the birth of the child, or where the reputed father has acknowledged the paternity of the child by payments for its support within three years from the birth thereof, then within three years from the date of such acknowledgment. G. S., 49-1, 49-4.

BARNHILL, J., dissenting.

SEAWELL, J., dissenting.

APPEAL by defendant from *Alley, J.,* at August Term, 1943, of MADISON.

Proceeding on indictment charging the defendant with willful neglect and refusal to support illegitimate child begotten by him of Cora Arrington.

The facts are these:

1. The child in question was born 27 June, 1930.

2. Bastardy proceeding was instituted under C. S., 265-279, which resulted in verdict at the September Term, 1931, Madison Superior Court, establishing the paternity of the child, it being found by the jury that the defendant was the father of said child, and judgment was thereupon entered that he pay to the mother of the child the sum of $200.

3. The child and its mother lived in a house belonging to the defendant from 1930 to 1943. The mother testified, "He has never charged me any rent. . . . I never did rent from him, but I allowed he was letting me live up there on account of that child."

4. The present proceeding was instituted by indictment at the May Term, 1943, Madison Superior Court; tried at the August Term, resulted in verdict of guilty, and judgment of six months in jail, suspended on conditions, etc.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Carl R. Stuart for defendant.*

STACY, C. J. The case turns on whether the proceeding is barred by the lapse of time. G. S., 49-4.

The child in question was born 27 June, 1930. Its paternity was established under the old law, C. S., 265-279, at the September Term, 1931, Madison Superior Court. The present proceeding originated by indictment at the May Term, 1943, more than 13 years after the birth of the child. Under the decision in *S. v. Killian,* 217 N. C., 339, 7 S. E. (2d), 702, it would seem that the prosecution is barred.

The pertinent provisions of ch. 228, Public Laws 1933, as amended by ch. 217, Public Laws of 1939, follow: "Sec. 3. Proceedings under this Act to establish the paternity of such child may be instituted at any time within three years next after the birth of the child, and not thereafter: *Provided, however,* that where the reputed father has acknowledged the paternity of the child by payments for the support of such child within three years from the date of the birth thereof, and not later, then, in such case, prosecution may be brought under the provisions of this Act within three years from the date of such acknowledgment of the paternity of such child by the reputed father thereof." See *S. v. Moore,* 222 N. C., 356, 2 S. E. (2d), 31.

The only "prosecution" contemplated by this legislation is that grounded on the willful neglect or refusal of any parent to support and maintain his or her illegitimate child, the mere begetting of the child not being denominated a crime. G. S., 49-2; *S. v. Tyson,* 208 N. C., 231, 180 S. E., 85. It was held in *S. v. Bradshaw,* 214 N. C., 5, 197 S. E., 564, a case which arose prior to the amendment of 1939, that an indictment under this statute, instituted more than three years after the birth of the child, was properly dismissed, as the limitation was positive and unbending, and not confined to proceedings to establish the paternity of the child. Attention was directed to the "penalties as are thereinafter provided" and to the procedural provisions of the enactment, which contemplate initial findings and an order of support, subject to modification or increase from time to time, and to be enforced by such prescribed supplemental orders as the exigencies of the case may require. See G. S., 49-7-8, and *S. v. Duncan,* 222 N. C., 11, 21 S. E. (2d), 822.

In consequence of this decision, the statute was amended in 1939 as above set out. The only material change wrought by this particular amendatory provision was to extend the time within which "prosecution may be brought," where the reputed father has acknowledge the paternity of the child by payments for its support within three years from the date of its birth, from "within three years next after the birth of the child" to "within three years from the date of such acknowledgment of the paternity of such child by the reputed father thereof." *S. v. Killian, supra.*

It is to be noted that here the paternity of the child was established in a bastardy proceeding had under the old law, and not under the existing law. Hence, the present prosecution is a new and independent proceeding, rather than a motion in the original proceeding to enforce the order of support as contemplated by the 1933 Act. As such, it is barred by sec. 3 of the "Act concerning the support of children of parents not married to each other." Ch. 228, Public Laws 1933. See G. S., 49-1.

It results, therefore, that the motion for judgment of nonsuit will be sustained. G. S., 15-173 (C. S., 4643).

Reversed.

BARNHILL, J., dissenting: The Act under consideration was born in a confusion of ambiguous and conflicting language. The intent of the Legislature, particularly in respect to procedure, does not appear with that degree of clarity which should characterize all criminal statutes. Hence, the Court, whichever course it may take, must, to some extent, perform a legislative function by writing into the Act the intent it concludes the General Assembly had in mind.

With this in mind, I refrain from discussion. I merely note that in my opinion the three-year limitation applies only to a proceeding to establish the paternity of the child. Willful failure to support a child is a continuing offense. When the paternity is established within the stipulated period the putative father may be prosecuted at any time thereafter, at least until the child is fourteen years of age. Thus I read the statute.

SEAWELL, J., dissenting: In my judgment, there is now no basis for the holding that the prosecution for the willful failure or neglect to support an illegitimate child must be brought within three years, or any other number of years, after the birth. The original statute, chapter 228, Public Laws of 1933, sec. 3, read as follows:

"Sec. 3. *Proceedings under this act* may be instituted at any time within three years next after the birth of the child, and not thereafter." Now there were two proceedings included in the act—one, a civil proceeding to establish the paternity, if, indeed, that has not become vestigial, which we have not yet conceded; another, a distinctively criminal proceeding directed toward punishment for the newly created offense of willful nonsupport. Since *indictment,* as well as the *civil proceeding to establish paternity,* was a *"proceeding under this act,"* the Court, in *S. v. Bradshaw,* 214 N. C., 5, 197 S. E., 564, concluded that the indictment also in that case was barred under this section. Immediately, by chapter 217,

Public Laws of 1939, the General Assembly amended this section, making it read as it now stands:

G. S., 49-4. "Proceedings under this article *to establish the paternity of such child* may be instituted at any time within three years next after the birth of the child." Then follows the provision relating to the acknowledgment of paternity which, if made within three years of birth, will support an indictment if brought within three years after the acknowledgment, based upon the acknowledgment without reference to any adverse judicial proceeding. The proviso, however, does not touch the facts of this case.

If the Legislature meant anything at all by this change, it could mean only that the three-year limitation is confined to the proceeding for the establishment of the paternity as I have distinguished it, and no longer applies to the criminal prosecution for nonsupport. In such criminal prosecution it may be necessary to establish the paternity where that is an issue, but to refer to the prosecution as "a proceeding to establish the paternity of such child" is so inadequate and inappropriate as to compel rejection of the theory that it was still meant to be included, and moreover, it renders the legislative amendment without any significance whatever.

There is nothing in the 1933 Act which would indicate that the duty of supporting the illegitimate child is imposed solely upon those whose paternity has been established exclusively under this statute. It is prospective in character, as all such enactments are, and provides for the establishment of paternity of the illegitimate child as necessity may arise—currently. It repeals the old bastardy law, but the Legislature could not repeal the judgment pronounced under authority of that law, which fixed the status of defendant as father of his illegitimate child. No new proceeding is necessary for that purpose.

*S. v. Killian,* 217 N. C., 339, 7 S. E. (2d), 702, under authority of which the case at bar was nonsuited, is not controlling. There the indictment was based on an acknowledgment of the paternity of the child by the defendant under the present statute (Sec. 3), which expressly provides that the indictment is barred after three years from the acknowledgment, which must be made within three years after the birth. There is no "kick-back" in the proviso which would institute, either directly or impliedly, any relation between the indictment and the date of birth with reference to a three-year statute of limitation. We are dealing with the question of the judicial establishment of the paternity, which is a matter of record, and not with the mere acknowledgment at which the bar of the statute is directly, and with reason, aimed.

I think, broadly stated, the law recognizes the natural and social responsibility of parents for their offspring, regardless of whether their

advent is with the blessing of the statutes in such case made and provided, or without their approval, and is much more comprehensive in its attitude and inclusive features than I find in its present application. Certain procedure must be had, of course, to see that the social burden is justly placed, but this procedure should be construed in the light of its purpose and not to defeat the Act. All of the provisions of the Act should be read *in pari materia*. The title reads:

"This article shall be referred to as 'An act concerning the support of children of parents not married to each other.'" G. S., 49-1.

The denunciatory part of the Act is as follows:

"G. S., 49-2. NON-SUPPORT OF ILLEGITIMATE CHILD BY PARENTS MADE MISDEMEANOR. Any parent who willfully neglects or who refuses to support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided. A child within the meaning of this article shall be any person less than fourteen years of age and any person whom either parent might be required under the laws of North Carolina to support and maintain as if such child were the legitimate child of such parent."

The defendant was indicted and convicted for a continuing offense. The burden of the support of his illegitimate child who is still under the age of fourteen years, is fixed upon defendant by the statute, and willful neglect or refusal to do so, I believe to be punishable by law. His conviction should not be disturbed.