IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-207

 Filed: 19 July 2016

Wilkes County, No. 14CRS051950

STATE OF NORTH CAROLINA

 v.

ARVIN ROSCOE HAYES, Defendant.

 Appeal by Defendant from judgments entered 17 September 2015 by Judge R.

Stuart Albright in Wilkes County Superior Court. Heard in the Court of Appeals 6

June 2016.

 Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Daniel
 Snipes Johnson, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for the Defendant.

 DILLON, Judge.

 Arvin Roscoe Hayes (“Defendant”) appeals from a jury verdict finding him

guilty of felony indecent exposure in the presence of a female victim under the age of

sixteen (16) and misdemeanor indecent exposure in the presence of an adult female

victim. We find no error in Defendant’s conviction for felony indecent exposure.

However, for the following reasons, we arrest judgment on the conviction of

misdemeanor indecent exposure and remand this case to the trial court for

resentencing.
 STATE V. HAYES

 Opinion of the Court

 I. Background

 The evidence tended to show the following: In July 2014, S.C. (“Mother”) and

her three daughters were shopping at a retail store in Wilkesboro. Mother and her

thirteen-year-old daughter, D.C. (“Daughter”), noticed that Defendant was following

them from aisle to aisle and that he was staring at them. At one point, while

Defendant was standing two feet away from Mother and Daughter, Mother saw him

grabbing and rubbing his penis, part of which was sticking out of his pants. Mother

and her daughters went to the store clerk and asked the clerk to call the police.

Defendant was later apprehended in a nearby store and identified by Mother.

 Defendant was charged and convicted of felony indecent exposure (for exposing

himself to Daughter) and misdemeanor indecent exposure (for exposing himself to

Mother). The jury returned guilty verdicts for all charges, and Defendant was

sentenced accordingly. Defendant timely appealed.

 II. Standard of Review

 If a trial court enters judgment on multiple charges, in violation of a statutory

mandate, that issue is automatically preserved for appeal. State v. Braxton, 352 N.C.

158, 177, 531 S.E.2d 428, 439 (2000). Issues of statutory construction are questions

of law which we review de novo on appeal, “consider[ing] the matter anew and freely

substitut[ing] our judgment for the judgment of the lower court.” Lunsford v. Mills,

367 N.C. 618, 623, 766 S.E.2d 297, 301 (2014).

 -2-
 STATE V. HAYES

 Opinion of the Court

 III. Analysis

 The central question to this appeal is whether Defendant’s one instance of

exposing himself to multiple people, one of which was a minor, may result in both a

felony and a misdemeanor charge. Defendant argues that the misdemeanor statute

precludes him from being found guilty of both misdemeanor and felonious indecent

exposure. We agree.

 This question is one of statutory interpretation. “In matters of statutory

construction, our primary task is to ensure that the purpose of the legislature . . . is

accomplished. Legislative purpose is first ascertained from the plain words of the

statute.” State v. Anthony, 351 N.C. 611, 614, 528 S.E.2d 321, 322 (2000). A statute’s

words carry their “natural and ordinary meaning” when an alternative meaning is

not provided within the statute and those words are “clear and unambiguous.”

Lunsford, 367 N.C. at 623, 766 S.E.2d at 301 (citing In re Banks, 295 N.C. 236, 239,

244 S.E.2d 386, 388-89 (1978)).

 Defendant was convicted of misdemeanor indecent exposure pursuant to N.C.

Gen. Stat. § 14-190.9(a) (the “Misdemeanor Statute”), which provides as follows:

 (a) Unless the conduct is punishable under subsection (a1) of this section,
 any person who shall willfully expose the private parts of his or her
 person in any public place and in the presence of any other person or
 persons . . . shall be guilty of a Class 2 misdemeanor.

N.C. Gen. Stat § 14-190.9(a) (2013) (emphasis added). Under the plain words of the

statute, Defendant’s conduct in the present case subjects him to criminal liability for

 -3-
 STATE V. HAYES

 Opinion of the Court

a single misdemeanor count, even though multiple “persons” may have witnessed his

behavior, unless his conduct is otherwise punishable as a felony under subsection (a1)

of that statute (the “Felony Statute”). The Felony Statute provides as follows:

 (a1) Unless the conduct is prohibited by another law providing greater
 punishment, any person at least 18 years of age who shall willfully
 expose the private parts of his or her person in any public place in the
 presence of any other person less than 16 years of age for the purpose of
 arousing or gratifying sexual desire shall be guilty of a Class H felony.

N.C. Gen. Stat § 14-190.9(a1) (2013). And here, Defendant was, in fact, convicted of

a felony under subsection (a1) since one of the witnesses (Daughter) was under 16

years of age.1

 The State argues that well-established North Carolina law permits a

defendant to be punished for multiple crimes resulting from conduct that had

multiple victims. For common law crimes such as assault and armed robbery, we

have upheld the constitutionality of pursuing multiple charges resulting from the

same conduct. State v. Nash, 86 N.C. 650, 652 (1882); State v. Johnson, 23 N.C. App.

52, 55-56, 208 S.E.2d 206, 208-09 (1974). Using the “same evidence” doctrine, we

allow multiple indictments for the same general course of conduct if the State would

 1 In fact, the statute does not even require the victim to see the defendant’s exposed body part;
it only requires for the defendant to be “in the presence” of a victim. Our Court recently considered
this issue in State v. Waddell, in which the defendant was convicted of felony indecent exposure for
exposing himself to a woman, her mother, and her fourteen-month-old son. See State v. Waddell, ___
N.C. App. ___, ___, 767 S.E.2d 921, 924 (2015) (noting that “[i]n order to convict a defendant of indecent
exposure in public, the exposure need only be in the presence of another person; it need not be seen by,
let alone directed at, another person”).

 -4-
 STATE V. HAYES

 Opinion of the Court

require different evidence to prove each offense. State v. Hicks, 233 N.C. 511, 516, 64

S.E.2d 871, 875 (1951). For example, an assault on multiple people would require

separate showings that each person in the crowd was, in fact, assaulted. See State v.

Church, 231 N.C. 39, 43, 55 S.E.2d 792, 796 (1949).

 We recognize that under the “same evidence” doctrine, both Defendant’s felony

and misdemeanor convictions would likely stand. The State would have to prove that

Daughter was present when Defendant exposed himself in order to support the felony

charge, and would have to prove that Mother was present when Defendant exposed

himself in order to support the misdemeanor charge. These two crimes would require

different evidence to prove each count. However, we are faced with a question of

statutory interpretation, not a double jeopardy challenge. See State v. Mansfield, 207

N.C. 233, 176 S.E. 761 (1934). The Misdemeanor Statute plainly forbids conduct from

being the basis of a misdemeanor conviction if it is also punishable as felony indecent

exposure.

 If a trial court improperly convicts a defendant under two statutes for actions

stemming from the same conduct, the proper relief is arrestment of the judgment and

remand for resentencing. See State v. Coakley, ___ N.C. App. ___, ___, 767 S.E.2d

418, 426 (2014). Accordingly, we arrest judgment on Defendant’s conviction of

misdemeanor indecent exposure and remand this matter for resentencing.

 JUDGMENT ARRESTED AND REMANDED IN PART, NO ERROR IN PART.

 -5-
 STATE V. HAYES

 Opinion of the Court

Chief Judge McGEE and Judge HUNTER, JR., concur.

 -6-